## KASTER v. PIERSON.

1. Executor: LIABILITY OF TO THE ESTATE. The common law rule that a debtor who is made the executor of his creditor is thereby released from the debt, it not appearing that the assets of the estate are insufficient to meet the testator's debts, is not in force in this country, and the debt in the executor's hands is regarded as general assets of the estate for the benefit not only of creditors, but of leg_ atees and all others interested.

2. —— JUDGMENT AGAINST EXECUTOR. In an action by a receiver appointed to sue for and collect the choses in action belonging to an estate, against the executor upon a promissory note executed by him to the testator, judgment should be rendered against him in his individual capacity, and not as executor.

Kaster v. Pierson.

*Appeal from Des Moines District Court.*

TUESDAY, APRIL 13.

ACTION upon certain promissory notes made by defendant to John Pierson, Sr., who, after their execution, died testate, appointing defendant his executor.

Defendant entered upon the discharge of the duties of executor, having qualified as required by law ; but under a decision of the District Court of Des Moines county, rendered in a suit instituted therein, plaintiff was appointed a receiver of all the property of the estate of John Pierson, Sr., deceased, with authority and power ·to collect the choses in action of said estate. The notes in suit came into the hands of plaintiff by virtue of this decree. Plaintiff claims to recover the amount of the notes against defendant in his capacity of executor, averring the same to be assets received by him. Trial by jury and verdict for plaintiff. Judgment against defendant personally and not as executor. Both plaintiff and defendant appeal.

*J. C. & B. J. Hall*, for the plaintiff.

*Henry Strong*, for the defendant.

BECK, J.—The point made by defendant, and which is presented by the record, is this : The defendant having

1. EXECUTOR: been made executor of his creditor, he is
liability of to
the estate. released and discharged from the debt, it not appearing that the assets of the estate are insufficient to ·pay the testator's debts. This was an ancient rule of the common law, and is recognized by Blackstone, 2 Blk. Com. 512. But authorities anterior to Blackstone, and some of them cotemporaneous with, if not anterior to, the

authorities he cites in support of the doctrine, hold that a debt due from a testator's executor is general assets for the payment of the testator's legacies. *Phillips* v. *Phillips*, 2 Freem. 11; *Flud* v. *Rumcey*, Yelv. 15; *Hudson* v. *Hudson*, 1 Atk. 461; *Casey* v. *Goodinge*, 3 Brownl. 11; Vesey, 264; *Waukford* v. *Waukford*, 1 Salk. 306. While these authorities all admit that recovery cannot be had at law, for the reason the executor cannot sue himself, some of them hold that the debt may be enforced in the equity or in the spiritual courts. Others, that the executor will be held to have received the amount of the debt in money; or, in other words, to have paid to himself as executor the debt which he personally owed the testator; and, in case he does not administer the same, it is a *devastavit. Toller's Executors*, 347.

The rule appears arbitrary, unjust in its effects, and unsupported by reason, and ought certainly to be received with little favor by the courts of the present day. We have not been referred to a single modern case that supports it.

The authorities of this country hold the rule to be that the liability of the executor is not released or discharged, but the debt is in his hands general assets of the estate for the benefit of creditors, legatees, and all other parties interested. *Stevens' Adm'r* v. *Gaylord*, 11 Mass. 266; *Winship v. Bass et al.*, 12 id. 202; *Pusey* v. *Climson*, 9 Serg. & Rawle, 208; *Leland* v. *Felton*, 1 Allen, 333; *Eichelberger* v. *Morris*, 6 Watts, 43; *Hall* v. *Pratt*, 5 Hammond, 44; *Gardner* v. *Hyer & Miller*, 19 Johns. 189; *Wood et ux* v. *Tallman's Ex'r*, Coxe, 157.

The provisions of the revision, §§ 2360, 2422, are not unlike the Massachusetts statute, as cited in *Winship* v. *Bass et al., supra.*

It would seem, indeed, under these statutory provisions, that the personal effects of every description of the tes-

tator are to be inventoried as assets for the payment of debts, legacies, and distribution to the heirs.

The plaintiff, upon his appeal, assigns for error the refusal of the court to render judgment against the defendant as executor, claiming the rule to be that he is presumed in law to have received, in his capacity as executor, the amount of the debt which he owed the testate, and that he is liable therefor as for a *devastavit*.

But we do not find that any exceptions were taken by the plaintiffs to the ruling of the court below upon this question, and it cannot, therefore, be considered or determined by this court.

The judgment of the District Court is

Affirmed.

A rehearing in this case was allowed plaintiff on his appeal upon a petition suggesting a mistake in the record, in failing to show plaintiff's exception to the 2. —— judgment against executor. refusal of the court to render judgment against defendant as executor; the record having been corrected and the exception appearing thereby. The question whether the judgment is properly against defendant in his individual capacity, or should have been rendered against him as executor, is, therefore, now before us. Many authorities hold that the debt of one appointed an executor, contracted to the testator in his life-time, is to be considered as money assets in the hands of the executor. That, upon accepting the appointment, he is to be considered as having converted the debt into money by payment thereof, and is therefore liable as executor for the amount. The reason of this rule seems to be the fact, that, considering the debt of the executor as due the estate and unpaid, no remedy exists whereby a legatee, distributee or creditor of the estate can recover from the executor the indebtedness. They could not sus-

tain an action upon the indebtedness against the executor, for the executor only can sue to recover debts due the estate, and could not sustain an action against himself. Being called upon to account for the assets received by him before any officer or court having jurisdiction in such matters, he would be presumed to have paid his indebtedness, and to the amount thereof, would be charged as for money received. In no other way can payment be enforced against him. The cases referred to, so far as I have been able to examine them, which hold the executor's indebtedness to be money assets, are those in which he was held to respond, either to a legatee, distributee, creditor of the estate, or in a proceeding for settlement and accounting in a probate court. It has been held, that, if the estate is sacrificed on account of the executor's failure to apply the amount of his indebtedness to the debts of the estate, he will be guilty of a *devastavit*. *Farys* v. *Farys et al.*, 1 Harp. Ch. 261.

In the case before us the estate is represented by the plaintiff as receiver, with power to sue and collect the choses in action belonging to the estate, and no question is made of his right to maintain the action against defendant. We have a party who is capable of prosecuting an action upon the notes of the executor, and it is not pretended that the estate has suffered loss on account of the failure of defendant to pay the notes further than ordinarily attend the non-payment of money. The reason of the rule in its application to the case having ceased, the rule itself must cease. The act of plaintiff in instituting and maintaining the suit contradicts the presumption upon which the rule is sustained — the payment of the notes by the executor. He ought not to insist on that which he denies.

His right to recover is based on the presumption that the executor has changed the notes into money, that is,

paid them; but, by his action, he denies that presumption, because he sues on the notes and claims the right to recover thereon. A controlling reason why we are unwilling to recognize the rule in a case like this, where its necessity does not exist, is the liability that would thereby be imposed on the sureties of executors. It cannot reasonably be supposed that they, in becoming parties to the bonds executed by them, contemplated becoming thereby bound for the debts of the executors to the estate. The rule in any case would operate with harshness toward them; we are not disposed to extend it to cases not within its reason.

The original petition claimed to recover against defendant, upon the notes; an amendment setting out his appointment and qualification as executor, etc., claimed judgment in the alternative either against defendant in his capacity as executor, or individually. A demurrer to the amendment was overruled. At the trial the court submitted to the jury the simple question of " defendant's liability for the several sums of money represented by the several notes sued upon," reserving for decision, after the verdict, the question of law whether judgment should be rendered against defendant individually or as an executor under the amendment. ' The verdict of the jury was, in the words thereof, " That John Pierson, Jr., the defendant, was indebted to his father, John Pierson, Sr., at the date of the death of John Pierson, Sr., in the sum of $2,704.86." Upon this verdict judgment was rendered which, by its terms, draws interest at six per centum per annum. The notes bore interest above that rate. The judgment was rendered at a term subsequent to the rendition of the verdict.

The plaintiff objects to the manner the issue was put to the jury, to the sufficiency of the verdict, and to the judgment, because interest thereon is fixed at six per centum per annum, and assigns errors thereon.

The answer to these objections is, that there appears to have been no objection on the part of plaintiff to the manner the issue was submitted to the jury, and none by motion to the verdict, and likewise none to the rendition of the judgment in the form in which it appears. Neither was there any motion to correct the judgment in regard to the rate of interest. No exceptions were taken upon any of these grounds. We cannot, therefore, consider the objections urged against these proceedings. The plaintiff, however, insists that all these objections are covered by his bill of exceptions. We are clearly of the opinion that by no fair and reasonable construction does it extend to any objection other than that the judgment is rendered against defendant individually, and not against him in his capacity of executor.

The defendant, upon this rehearing, argues anew the point ruled in the former opinion upon his appeal, namely, that the debt of defendant is not assets of the estate, and was discharged by his appointment and qualification as executor. The order for rehearing was not made with the view to the reconsideration of that point which arose only defendant's appeal, and no petition for a rehearing upon thereon was filed. We have, however, with proper care, read defendant's argument upon that point, submitted upon this rehearing, and remain satisfied that our former ruling is correct.

Affirmed.