WILLIAM ODLIN, GUARDIAN *v.* SAYLES NICHOLS AND GARDNER S.
WAINWRIGHT.

October Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 11, 1908.

*Probate Court—Executors—Removal—Interest in Estate—Ef-*
*fect—Discretion of Probate Court—On What Ground Re-*
*viewable.*

An executor holds his office by virtue of the testator's selection and
has a right to continue therein if competent to perform its duties;
and when his competency is challenged on the ground of adverse
interest, the question is to be considered with reference to the
situation of the estate at the time, and if his interest will not con-
flict with the duties still to be performed, he should not be re-
moved.

A petition to remove an executor is addressed to the discretion of the
probate court, whose action thereon can be reviewed only on the
question whether the discretion was legally exercised.

APPEAL from a decision of the probate court dismissing the
petition of William Odlin, as guardian of Irene W. A. Clark
praying for the removal of Sayles Nichols and Gardner S. Wain-
wright from their trust as executors of the will of Harriet C.
Peck.   Trial by court at the March Term, 1907, Chittenden
County, *Hall*, J., presiding.   Judgment that the petition be dis-
missed with costs to the petitionees.   The petitioner excepted.
See *In Re Peck's Estate*, 80 Vt. 469, and *Clark et al.* v. *Peck's*
*Exrs.*, 79 Vt. 275.

The petitioner also brought to the Supreme Court for Chit-
tenden County at its October Term, 1907, his petition for a new
trial on the ground of newly discovered evidence in the form
of certain certificates of deposit alleged to show that said ex-
ecutors had wrongfully withheld from their report and appraisal
money and other property of the estate.   This petition was
heard with the exceptions.

*C. S. Palmer* for the petitioner.

"The executor or administrator is the general representative of the estate, and his duty is to act for it. Like any other agent, he cannot act in its behalf when his personal interest comes in antagonism with his official duty." *Riley* v. *McInlear's Est.*, 61 Vt. 261; *Kelbury's Appeal*, 86 Pa. St. 129; *Ellmaker's Est.*, 4 Watts. 34; *Winship* v. *Bass*, 12 Mass. 201; *Stearns* v. *Fish*, 18 Pick. 24; *Thayer* v. *Homer*, 11 Met. 110; *Est. of Pike*, 45 Wis. 391; *N. C. R. R. Co.* v. *Wilson*, 81 N. C. 223; *Stimpson* v. *Jones, Admr.*, 82 N. C. 323; *State etc.* v. *Billingmater*, 26 Mo. 483; *Drake* v. *Green*, 10 Allen 124; 1 Woerner's Am. Law of Administration, 2nd Ed. 604.

*Hunton & Stickney* for the petitionees.

MUNSON, J.   The petitioner prays for the removal of Sayles Nichols and Gardner S. Wainwright from their trust as executors of the will of Harriet C. Peck. The objections are aimed mainly if not wholly against the former. It is alleged that the executors have refused to pay to the petitioner's ward an annuity given her by the will; that they have failed to marshal the assets and dispose of the income thereof as required by the will; that they have wasted and mismanaged the trust property by permitting E. W. Peck, the surviving husband and a principal beneficiary, to possess and use it for his personal convenience and advantage without obtaining compensation or protection; and that this misconduct is due to a special friendship for E. W. Peck and an unreasonable dislike of the petitioner's ward, and to a pecuniary interest of the first named executor that is adverse to the performance of his duty in the respects complained of.

The court below has found in detail the circumstances attending E. W. Peck's connection with the handling of the estate, and has negatived all charges of mismanagement by the executors in permitting it. It has found that in refusing to pay the annuities and to marshal the assets the executors acted under the advice of counsel, and that in the circumstances attending the settlement of the estate, and in view of legal proceedings, this advice was reasonable. It is further reported

that the charge of unfriendliness is not sustained. The one exception taken to the evidence on which these conclusions are based is not relied upon in argument. It is not necessary to consider in detail the exceptions to the findings made, nor the requests for further findings; for it is clear that there was some evidence tending to support the findings objected to, and that the requests insisted upon were nothing more than a request that the court reverse conclusions arrived at from evidence which tended to support them.

It appears that E. W. Peck had made a will which gave Sayles Nichols a legacy of five thousand dollars; that about three months after the death of his wife he was considering the advisability of waiving the provisions of her will and that about a month later he executed a codicil to his will which provided that in case he should die seized and possessed of that portion of the estate of his wife allowed him by statute upon a waiver of her will, the legacy given Nichols should be increased to ten thousand dollars; and that not long after he informed Nichols of what he had done. Mr. Peck seasonably applied for and obtained an extension of the time allowed by the statute for waiving the will, and on the 12th day of December, 1904, and within the extended time, he filed the required writing. No action was taken on the waiver until January 23, 1907, when W. H. Clark, an annuitant and heir-at-law of Mrs. Peck, filed a petition asking for a hearing and determination of the matter of the pretended waiver and praying that the same be dismissed, for the reason, among others, that said Peck had elected to accept the provisions of the will, and to accept and receive the life estate provided for him therein, and that by reason of such election he was estopped from waiving the will. Such proceedings were had on this application that on the 23rd day of March, 1907, the probate court found that Mr. Peck had so entered upon and continued in the possession and use of the estate that he had elected to take the provision made for him in the will, and therefore adjudged that his waiver was inoperative and void. The executors opposed the application and appealed from the decision, and have contested the case throughout. Meanwhile the executor Nichols refused to forego his claim to the additional legacy, and insisted upon his right to receive it if the waiver should be established.

The court finds, in the language of Mr. Nichols' statement as a witness, that he has never considered his own financial status in the matter, nor looked at it in the light of his personal interest, nor paid any attention to what his interest was; and finds further that both executors are capable, faithful and honest.

These findings are not conclusive as regards the effect, of Mr. Nichols' interest upon his right to continue as executor; but it will not be necessary to inquire as to the nature and extent of the interest that will require a removal, nor to enter upon a general discussion of the subject.   An executor holds his office by virtue of the testator's selection, and has a right to continue in the office if competent to perform its duties.   When his competency is challenged on the score of interest, the question is to be considered with reference to the situation of the estate at the time.   If his interest will not conflict with the duties still to be performed there is no occasion for removal.   The matter in which it was claimed that the rights of the petitioner would be jeopardized has been disposed of.   As already stated, the probate court held that E. W. Peck had elected to take under the will, and adjudged the waiver inoperative and void.   The case was heard and determined in the county court on pleadings, and came to this Court on exceptions.   It has now been finally adjudged that the waiver was effective without any action of the probate court, and that the matters relied upon by the petitioner constituted no impeachment of its validity.   *In Re Peck's Est.*, 80 Vt. 469.   This conclusion was reached upon a presentation of facts that cannot have been influenced by any wrongful effort or neglect or concealment of the petitionees.   The case has been remanded in pursuance of an agreement of counsel, but it is hardly probable that the question of waiver will be raised again. If it is, it will present another case, that can be made the basis of a new petition.   It must be remembered, however, that the action of the probate court upon such a petition involves an exercise of its discretion, and can be reviewed here only upon the question whether the discretion was legally exercised. *Holmes* v. *Holmes' Est.*, 26 Vt. 536; *Hilliard* v. *McDaniels' Admr.*, 48 Vt. 122; *Re Bellows' Est.*, 60 Vt. 224, 14 Atl. 697.

The view we have taken of the subject presented by the exceptions disposes also of the petition for a new trial.

*Decree of the county court affirmed and ordered certified. Petition for new trial dismissed with costs.*