ABNER FRY, Appellee, v. ARMINDA C. FRY, Administratrix, Appellant.

**Estates of Decedents:** ADMINISTRATORS: REMOVAL.' ˙A widow is entitled under the statute to preference in the appointment of an administrator of her deceased husband's estate, and after her appointment she can only be removed for cause; and the fact that she claimed practically all of the estate after the payment of debts and expenses, which claim she asserted by petition to the court in which she made those interested parties, and also applied for a special administrator to pass upon her claims, was not sufficient cause for removal.

*Appeal from Marshall District Court.*—HON. CLARENCE NICHOLS, Judge.

TUESDAY, MAY 7, 1912.

PROCEEDINGS for the removal of Arminda C. Fry, as administratrix of the estate of Ira H. Fry, deceased. The trial court ordered the removal of the administratrix, and she appeals.—*Reversed* and *remanded.*

*C. H. Van Law,* for appellant.

*Binford & Farber,* for appellee.

DEEMER,. J.—Ira H. Fry died intestate March 10, 1910, leaving his widow, Arminda C. Fry, and Abner Fry, his father, surviving. The widow was duly appointed administratrix of his estate, and qualified as such on March 22, 1910. She gave bond in the sum of $12,000, which bond was accepted and approved, and no. question is made regarding its sufficiency. An inventory was filed in due

course, which showed, in addition to the property claimed as exempt, some small items of personal property, book accounts of doubtful value (not exceeding $100) cash in hand on deposit in a bank $327.30, and an undivided one-half interest in a note and mortgage for $10,700, executed to I. H. Fry and A. C. Fry. Thereafter plaintiff, Abner Fry, filed a claim against the estate in the sum of $1,000, with interest, upon a note for that amount executed by I. H. and Arminda C. Fry; but the administratrix refused to allow the claim. It is claimed that at the time of the death of Ira H. Fry he was the owner of three certificates of deposit issued by a bank at Marshalltown, amounting in the aggregate to $3,837.75, and other certificates of another bank amounting to $6,000, which should have been inventoried as a part of his estate. This is denied by the administratrix, who claims that these certificates belonged to her at the time of her husband's death, which plaintiff well knew; that she acquired the title thereto in virtue of a testmentary contract and an oral gift prior to her husband's demise. It appears that the widow filed an application in the probate court for a confirmation of her interest in the said certificates and in the entire estate of the decedent, making plaintiff herein, Abner Fry, a party defendant, and this application was pending at the time this proceeding for removal was commenced.

Administratrix also petitioned the probate court for authority to purchase a monument for the deceased and for an allowance for the permanent maintenance of a cemetery lot at an expense of $500. To this petition plaintiff herein filed a resistance. Thereafter plaintiff herein filed a petition for an examination of the administratrix on the ground that she had not inventoried all the property of the estate, but, on the contrary, was holding the same as her own, and failing to return an inventory thereof. To this the administratrix filed objections. Thus matters stood when plaintiff commenced this proceeding to remove the administratrix,

which action was bottomed upon the facts heretofore re-
cited, and upon the further charge that the administratrix
was hostile to the petitioner and to the estate, had refused
to give him any information regarding the estate, had
failed to make reports of her doings, was claiming all the
property of the estate, and was occupying such an inconsis-
tent position with reference thereto that she should not be
permitted to act in a dual capacity. Within a day of two
after the commencement of this proceeding, the administra-
trix filed an application for the appointment of a
temporary administrator to pass upon any claims
she had against the estate of her deceased husband; and, al-
though this petition was on file when the case was tried,
no order seems to have been made thereon, nor was any
attempt ever made to secure an order for the examination of
the administratrix with reference to property in her hands
belonging to the estate. No oral testimony was taken upon
the trial of the removal proceedings; but at the conclusion
thereof the trial court made the following findings: "That
the said records and files disclose that said Arminda C.
Fry is making claim to the entire assets and property owned
by said Ira H. Fry at the time of his death, and to the
entire assets of said estate, and she claims that said decedent
left no property to which she is not entitled, all substantial-
ly as alleged in the said petition for removal and particu-
larly in the sixth item thereof. That said Arminda C. Fry
was appointed and has been and is acting as administratrix
of said estate, and is the only person who ever has been
appointed and ever has acted as administrator of said es-
tate. That the position of said Arminda C. Fry making
claim to all the property and assets of said estate and her
position as administratrix thereof are inconsistent, and not
for the best interests of the estate and the other persons
interested therein." Accordingly, an order was entered re-
moving the administratrix, appointing another in her stead,
directing her to make full report of her doings as adminis-

tratrix, and ordering her to turn over to the administrator appointed in her stead all property in her possession belonging to the estate. The trial court also expressly found that no other grounds for removal existed save those heretofore copied from the decree. The appeal is from these rulings.

The real controversy, as will be observed from the foregoing statement, is between plaintiff, who is the father of the deceased, and the defendant, who is his widow. The father, who is a non-resident of the state, and, save the widow, the only heir of his deceased son, is objecting to everything the widow has done or is proposing to do, even to the erection of a monument and the maintenance of a burial lot, and is asking the allowance of a claim against his deceased son's estate, and the widow is claiming practically all of the estate of her deceased husband and resisting the father's claim upon the note. She has paid all debts against the estate and has petitioned for an allowance for erecting a monument and the maintenance of a burial lot, and this allowance, if made, will, with the amount already paid in the way of debts, practically absorb all the property which she inventoried as belonging to the estate. All the other property, save real estate situated in one of the Dakotas, she is claiming as her own, and, because of that fact, she failed to inventory the certificates of deposit issued by the Marshalltown banks, amounting, with interest, to something like $10,000. The real contest seems to center upon these certificates of deposit. Because of her claim thereto and to other property said to have belonged to the deceased, she petitioned the court for the appointment of a special administrator under the provisions of section 3346 of the Code, and this petition was pending and undisposed of when the order for removal was made. Plaintiff did not see fit to press his claim upon the note to a hearing and he did not insist upon an order for the examination of the administratrix with reference to any assets of the estate in her hands.

As widow of the deceased defendant was entitled to a preferential right to administer upon his estate (Code, section 3297), and although subject to removal as any other administrator, or representative of the estate, such removal may only be for cause shown. If this were not true, the preference which the law gives would be a barren right.

As the trial court expressly found that the administratrix was not guilty of any maladministration, but planted its order solely upon the ground that, as she was claiming practically the entire estate, her position was so inconsistent and so subversive of the best interests of the estate that she should not serve, we have to determine whether or not such a situation justified the removal of one whom the law favors for such an appointment. It is true that the administratrix is claiming practically all of the estate after the payment of debts, funeral, and other expenses, including monument and burial lot; but her claims have been open and aboveboard and she has asserted them in a proper manner, both by petition to the court in which she made plaintiff herein a party, and by application for the appointment of a special administrator to pass upon her claims as is authorized by section 3346 of the Code. True, her claims are in hostility to the interest which plaintiff is claiming as father of the deceased; but no more so than any other claim against the estate would be. Defendant can take nothing without an order of court, and has no advantage over the plaintiff in virtue of her appointment as administratrix. If plaintiff claims, as he seems to do, that she is withholding any of the assets of the estate, he has his remedy of which he started to avail himself, to-wit, an examination of the defendant in open court touching any assets of the estate in her possession or control. See Code, sections 3315, 3316, 3395. And in this particular, the widow having made application for confirmation of her claims to the estate, plaintiff had a plain, speedy and adequate remedy by forcing a trial upon that issue. While

a trial court has considerable latitude in the matter of the removal of executors or administrators, it has never been held, we think, that such removal should be made solely because such representative has a claim against the estate.

In providing for the appointment of a temporary administrator in such cases (Code, section 3346), the Legislature clearly indicated that it did not consider this a ground for removal. Here the plaintiff has ample protection, and he might easily have availed himself of any one of several remedies rather than to proceed with a summary action for removal which in the end will profit him nothing; but will deprive the widow of a statutory right which the Legislature has given her. Had plaintiff shown the same desire to secure an adjudication of the defendant's claims as he has to humiliate the widow by securing her removal from her trust, he might have had the issue between him and his daughter-in-law fully settled. Instead, he has secured nothing more than an order of removal which in the end is of no profit, unless there be something in mere delay.

We are constrained to hold that the order for removal should not have been made. As supporting these conclusions, see *In re Fisher's Estate,* 128 Iowa, 626; *McFarlan v. Mc Farlan,* 155 Mich. 652 (119 N. W. 1108); *Odlin v. Nichols,* 81 Vt. 219 (69 Atl. 644); *Gill v. Riley* (Ky.) 90 S. W. 2. Appellee's motion to dismiss the appeal because the evidence was not duly and properly preserved is overruled.

It follows that the orders of the district court must be, and they are, reversed, and the cause remanded for such as are in harmony with this opinion.—*Reversed* and *remanded.*