IN RE ESTATE OF JOHN TELSROW.

HAROLD TELSROW, Appellant; MATILDA TELSROW et al., Appellees.

No. 46612.

DECEMBER 12, 1944.

REHEARING DENIED FEBRUARY 9, 1945.

764

F. A. Martin, of Wilton Junction, and E. C. Halbach, of Clinton, for appellant.

C. J. Lynch, C. J. Lynch, Jr., Donnelly, Lynch, Anderson & Lynch, all of Cedar Rapids, and Howard P. Eckerman, of Davenport, for appellees.

MULRONEY, J.—The will of John Telsrow, deceased, was filed for probate in the office of the clerk of the district court of Cedar County, Iowa, on March 22, 1944. On April 5, 1944, Harold Telsrow, a nephew of the deceased and a legatee under the will, filed an application for his appointment as special administrator. On the same day the court made an order appointing him special administrator and the order directed that letters be issued to him upon the filing of a bond in the sum of $25,000. On April 13, 1944, Matilda Telsrow and Emma Korthaus, sisters of the decedent, filed their petition to set aside the order appointing Harold Telsrow special administrator, and asking the appointment of Henry Hansen as special administrator. An order was made by the court fixing April 21, 1944, as the time for hearing on said petition and prescribing notice to Harold Telsrow. On April 19, 1944, Harold Telsrow's bond was filed with the clerk. The bond had on it an oath which had been executed by Harold Telsrow on April 5, 1944. On April 21, 1944, Matilda Telsrow and Emma Korthaus filed their objections to the probate of the will, alleging its improper execution, that deceased was of unsound mind, and that two of the proponents had exerted undue influence in securing the execution of the will. Also on April 21, 1944, Harold Telsrow filed his resistance to the petition to set aside the order appointing him special administrator, and counsel for Harold Telsrow and the petitioners made statements to the court, but the hearing was continued to April 26th to enable both sides to present testimony. On April 26, 1944, both sides presented testimony touching the qualifications of Henry Hansen and Harold Telsrow to act as special administrator. The evidence showed that Henry Hansen was a banker at New Liberty, Iowa, with some experience as administrator of estates, and with no interest in this estate: that Harold Telsrow, who was twenty-six years of age, while

somewhat inexperienced, was not unqualified or incompetent but he had an interest in the estate in that he was a legatee under the will, but not an heir, and his mother was one of the proponents who was charged with exerting undue influence in the objections filed against the probate of the will. The clerk also testified that he received Harold Telsrow's $25,000 bond in the mail on April 19th but he had issued no letters because the judge had instructed him not to issue letters if the bond was presented.

The trial court made an order setting aside the previous order appointing Harold Telsrow special administrator and appointing Henry Hansen special administrator, fixing bond in the sum of $50,000. Harold Telsrow appeals.

I. Appellant's assignment of error is that the court order is the foundation of an administrator's authority; that the issuance of the letters is a ministerial act; and that Harold Telsrow could not be removed after the court order appointed him, when no cause for removal was shown. We have held that an administrator to whom letters have been issued can be removed only for cause. Fry v. Fry, 155 Iowa 254, 135 N. W. 1095. See, also, section 12066, Code of 1939. No decision of this court holds that cause for removal must be present before the court can rescind a former appointing order if the person named in such order has not received his letters. As indicated from the assignment of error, appellant's argument starts with a premise that the proceeding to set aside the first order was a removal proceeding. Most all of the authorities cited by appellant from this and other jurisdictions tend to support the general rule that the qualified and acting general or special administrator cannot be removed without showing disqualification or dereliction in office. Here the appellant had not qualified at the time of the commencement of the proceedings to set aside the order of his appointment. No letters of special administration were ever issued to him, and in fact he had never acted as special administrator. We have examined all of the authorities cited by appellant, but because we hold that the rules governing removal proceedings do not apply to this situation we need not discuss them.

The authority of the trial court, under section 11885, Code of 1939, to appoint a special administrator is discretionary.

After it makes an order of appointment in an ex parte proceeding, but before the appointee qualifies and before the appointee receives letters of special administration, the order of appointment can be set aside upon notice and hearing and a finding that in its discretion a disinterested person should be appointed. The situation was changed at the time of the second order. A will contest had developed. Its former appointee was vitally interested in that contest. While we do not intimate that his interest would conflict with his duty if he were the trial court's ultimate selection, we do hold that the trial court was acting within its discretion when it selected a disinterested special administrator. The annotation writer in 136 A. L. R. 604, at page 605, draws this conclusion from a review of a number of cases:

"The matter of discretion of the courts in the determination as to who may be appointed special or temporary administrator pending a will contest permeates a large part of the present question, and it may be stated that it is quite generally recognized that the courts are vested with considerable discretion in that regard."

The selection of a special administrator is usually to preserve property until the general administrator can be appointed, but when there is a will contest the appointee actually becomes a special administrator pendente lite. The power of selection lodged in the trial court includes the power to rescind an order of appointment before the designated appointee qualifies and before he has been empowered to act in such office. The appointee is not being "removed," because he has not as yet attained the office. The court is still in the exercise of its discretionary power of selection when it sets aside the first appointive order.

Finding no abuse of discretion in the trial court's order setting aside the first order of appointment and appointing Henry Hansen special administrator, the action of the trial court is affirmed.—Affirmed.

All JUSTICES concur.