In the Matter of the Estate of Joseph Hutchings,
deceased.
John G. Petteys, Public Administrator, Appellant, v.
John J. Hutchings, Administrator, Appellee.

Gen. No. 5155.

1. ADMINISTRATION OF ESTATES—*section 18 referring to right of
administration construed.* The word "shall" as applied to the grant-
ing of administration to the public administrator should be con-
strued as "may."

2. ADMINISTRATION OF ESTATES—*when public administrator not
entitled to administration.* If a will is set aside more than sixty
days after the death of the testator, the public administrator is not
entitled to the administration but such right reposes in the next of
kin as provided by the statute.

Petition for letters of administration. Appeal from the Circuit
Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, pre-
siding. Heard in this court at the April term, 1909. Affirmed.
Opinion filed October 19, 1909. Rehearing denied April 29, 1910.

Statement by the Court. Joseph Hutchings died
on the 28th day of June, 1907, at his residence in
Grundy county, seized of 320 acres of land and pos-
sessed of personal estate amounting to about $7,000,
leaving what purported to be a last will in which
John J. Hutchings, his son, was named as executor.
The will was filed in the office of the county clerk of
Grundy county. The executor named in the will, on
July 10, 1907, filed his petition for letters testament-
ary. The will was duly proved and the County Court
made an order admitting the will to probate and ap-
pointing John J. Hutchings executor of the will; let-
ters testamentary were issued to the executor on Au-
gust 7, 1907. The executor filed an inventory which
was approved and on September 28, 1908, he filed an
account current which was also approved, but the ac-
count stated that a contest on the will was pending
in the Circuit Court of that county. On November

21, 1908, a decree was entered in the suit to contest the will in the Circuit Court of Grundy county setting aside the will on the ground of mental incapacity of the testator. On November 30, 1908, John G. Petteys, public administrator of Grundy county, filed a motion in the County Court for a rule on John J. Hutchings, as such executor, to show cause why he should not be removed and his letters revoked and with his motion he, as public administrator, filed his petition for letters of administration *de bonis non* on said estate. On the same day Bridget Hutchings, widow of Joseph Hutchings, filed in the County Court her relinquishment of her right to administer on the estate and requested the appointment of her son, John J. Hutchings as administrator, and John J. Hutchings filed his petition for letters of administration in regular form. Afterwards on December 17, by leave of court, the petition of John J. Hutchings was amended by changing it to a petition for letters of administration *de bonis non*. Upon a hearing on both petitions for letters and of the motion for a rule, etc., an order was entered overruling the motion for a rule to show cause, denying the petition of the public administrator and ordering that letters issue to John J. Hutchings upon his filing a bond in the sum of $14,000, etc. John G. Petteys as public administrator appealed to the Circuit Court from the ruling of the court on the motion and on the petitions. The Circuit Court on the trial of the appeal entered an order revoking the letters testamentary, dismissed the petition of John G. Petteys, public administrator, and ordered that letters of administration *de bonis non* be issued to John J. Hutchings on his filing bond, etc., and ordered the costs to be paid in due course of administration. John G. Petteys as public administrator appeals to this court from the order of the Circuit Court.

JOHN G. PETTEYS, appellant, *pro se.*

CORNELIUS REARDON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The only question involved in this appeal is as to the rights of the respective parties, John G. Petteys, as public administrator of Grundy county, or John J. Hutchings, on the request of the widow and his own petition, to administer on the estate of the deceased.

Section 18 of the Administration Act gives preference in administering on estates to certain relatives in a certain fixed order, and after the relatives to the public administrator or any creditor who shall apply for the same. The Act provides that: "Preference and the right to nominate under this Act must be exercised within sixty days from the death of the intestate, at the expiration of which time administration shall be granted to the public administrator." Over a year had elapsed before the application was made to have the son appointed administrator, and the public administrator contends his right to administer had thereby become absolute. If the contention of appellant be sustained, the result would be that in every case where a will is set aside on a contest in equity or otherwise, the public administrator or a creditor would thereafter be the only person who might be appointed administrators, and the members of the family would be excluded. Section 48 provides that whenever administration is granted to the public administrator and it shall afterwards appear there is a widow or next of kin, it shall be the duty of the court to revoke the letters to the public administrator and grant letters to the widow, next of kin or a creditor as is entitled thereto, provided application is made by such person within six months after letters were granted to the public administrator. Section 38 makes provision where the letters of executors are revoked for the granting of "administration with the will annexed or *de bonis non,* to the surviving husband or wife or next of kin." Section 18 also pro-

vides that when the estate is solvent and without minor heirs and it is desired by the parties in interest to settle the estate without administration this law shall not apply. From the reading of the entire act we hold that the word "shall" in section 18 should be construed as "may" when a controversy arises between the heirs of the estate and the public administrator, and that the legislature never contemplated that the public administrator, in cases where wills are set aside on a contest more than sixty days after the death of the testator, should have an absolute right to administer on the estate as against the widow or heirs who desire to administer and are entitled to the estate. When the will was set aside the parties had the right to administer on the estate in the order named by the statute, and there was no error in the ruling of the Circuit Court.

The costs of this appeal in this court should be taxed to John G. Petteys in his individual capacity. The judgment of the Circuit Court is affirmed.

*Affirmed.*