## Benjamin W. Wilkins et al., Appellants, v. Demalian Justice, Appellee.

1. STATUTES—*rule of construction.* Words importing the singular number may extend and be applied to several persons or things, and words importing the plural number may include the singular.

2. ADMINISTRATION OF ESTATES—*section 8 of act construed.* By virtue of section 8 of the Administration Act which pertains to the appointment of next of kin to administration, it is not required that the judge shall appoint the first of the next of kin claiming the right of administration or that he shall appoint a competent person nominated by the majority of such next of kin, and while he may delay action a reasonable time after application by one next of kin until other next of kin claiming the right of administration make their claims, yet if he has exercised the power of appointment pursuant to the application of one of the next of kin the appointment is legal.

3. ADMINISTRATION OF ESTATES—*what does not disqualify administrator.* The fact of indebtedness from the administrator to the estate is not a disqualifying interest.

Appeal from the Circuit Court of Marion county; the Hon. S. L. DWIGHT, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 9, 1910. Rehearing denied October 27, 1910.

KAGY & VANDERVORT, for appellants.

C. H. HOLT, E. T. TELFORD and W. F. BUNDY, for appellee.

Mr. Justice Shirley delivered the opinion of the court.

Sea Bird Wilkins died intestate in the county of Marion on June 4, 1908. He left surviving no wife, child or children or descendants of a child or children or father, mother, brother or sister, but leaving some sixteen nephews and nieces and more than one hundred grand-nephews and grand-nieces.

On the sixth day of June following, one S. Catherine Justice, one of the aforesaid nieces, went before the Probate Court of Marion county and filed her petition renouncing her right to administer upon the estate and nominating her son, the appellee, for administrator. The Probate Court granted the prayer of her petition and thereupon appointed the appellee administrator of the estate. Appellee duly qualified by filing the bond required and taking the oath of office and letters of administration were issued to him.

From this order of the Probate Court, the cause was appealed to the Circuit Court where the order of the Probate Court was approved and confirmed and the cause ordered certified back to the Probate Court. This order of the Circuit Court is assigned for error and as a disposal of this assignment will dispose of the several other alleged errors assigned, it will not be necessary to consider and dispose of the others.

It is argued that the order of the Circuit Court was erroneous, appellee not being entitled to the appointment for the reason that fourteen out of sixteen nephews and nieces entitled under the statute to nominate, petitioned for the appointment of one Roy Wilkins. It appears that after the appointment of appellee and on the same day, the said nephews and nieces filed a petition in the Probate Court for the removal of appellee and for the appointment of said Wilkins, the prayer of which petition was not granted. If there was any order entered by the court upon the petition, it does not appear in this record and the only

question on the appeal before the Circuit Court was whether appellee was legally appointed.

There was no next of kin surviving of a class prior to the class to whom preference to administer is given by clause 8 of section 18, of chapter 3, of the Revised Statutes.

Clause 8 reads as follows:

"8th.    To the next of kin or any competent person nominated by them."

It is further provided that "only such persons as are entitled to administer under this act shall have the right to nominate.   When several are claiming and are equally entitled to administration the court may grant letters to one or more of them preferring relatives of the whole to those of the half blood."

It is argued that the language "Any competent person nominated by them" means at least a majority of them and not one of several next of kin in the same class, and that Catherine Justice being only one of a class had no right to nominate appellee as against a majority.

We are unable to find anything in any other provision of the chapter on administration that would warrant the construction contended for.   While the language of the eighth clause is "the next of kin or any person nominated by them," we think it does not mean all the next of kin nor a majority of them.

It is a rule of statutory interpretation that "words importing the singular number may extend and be applied to several persons or things and words importing the plural number may include the singular." We are of opinion that this rule of interpretation should be applied to said clause 8, and if the Probate Court appoints one of a class entitled to be appointed or appoints some competent person nominated by one of such class the appointment if made within sixty days would be legal; but we also are of opinion the probate judge in the exercise of the power should not

act hastily but give the next of kin an opportunity to claim their right to administer as seems to be the purpose of the proviso above quoted.

The power to appoint is conferred upon the probate judge and is a judicial power by which he may select one or more of a class entitled to administer and it should be assumed that in the exercise of the power in making a selection a reasonable opportunity should be given the next of kin entitled to do so to claim the right to administer. This would also afford the judge an opportunity to acquaint himself with the qualifications of those claiming the right and would better enable him to make a proper selection.

In this case while it was not required that the probate judge should appoint the first of the next of kin claiming the right or that he should appoint a competent person nominated by such next of kin, and while he might well have delayed action a reasonable time until the other next of kin claiming the right to administer could make their claims, yet having exercised the power by appointing appellee it was a legal appointment.

It is further pressed upon our attention that the appellee should have been removed for the reason he was not a competent person; that he had borne the relation of a co-partner to the deceased at the time of his death and also that of agent and that some transactions of appellee concerning the business of the estate after his appointment show him an unfit person and therefore not a competent one.

We have examined all the evidence in respect to these claims and without setting forth the evidence we conclude that there was no copartnership existing at the time of the death of the intestate.

The power of attorney which appellee held from the deceased was revoked by his death and even assuming appellee was indebted to the estate, this furnishes no reason disqualifying him to act. If he has assets

of the estate, the law will compel him to account for them if necessary.

We have also examined the evidence as it relates to the other transactions with one Fields about sheep and the transaction with Mrs. Frazier about a note. And also whether appellee has accounted to the administrator to collect and we are unable to find from the evidence any good reason why appellee should be removed on the ground he is not a competent person to administer the estate.

The judgment and order of the Circuit Court are accordingly affirmed.

*Affirmed.*