Bundy v. Wilkins, 183 Ill. App. 560.

C. H. BURTON, for appellant.

P. H. HILES and J. L. SIMPSON, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. CONTRACTS, § 13*—*when not void for want of mutuality.* A written instrument giving a person authority to sell real estate and to pay compensation for finding a purchaser, *held* not unilateral and void where one party has procured a purchaser and the other has received the purchase money.

2. BROKERS, § 84*—*when evidence of amount expended by principal incompetent.* In an action to recover compensation for procuring a purchaser of real estate for defendant, evidence offered by defendant as to amount she had expended to perfect the title and to pay interest on mortgage *held* incompetent where the written agreement between the parties provided that defendant should bear this expense.

3. BROKERS, § 95*—*when instruction on effect of revocation of contract, properly modified.* In an action on a contract to recover compensation for selling real estate for defendant, defendant's instruction telling the jury that defendant had a right to revoke the contract and thereby deprive plaintiff of compensation, *held* properly modified so as to require such revocation to have taken place prior to the execution of the sale.

---

## John J. Bundy, Public Administrator, Appellant, v. Roy Wilkins et al., Appellees.

EXECUTORS AND ADMINISTRATORS, § 28*—*when nominee of next of kin entitled to appointment as administrator.* Where an intestate dies leaving only nephews and nieces and grandnephews and grandnieces as next of kin, a nominee of a majority of all the resident next of kin who are competent to administer, *held* entitled to appointment as administrator as against the right of the public administrator to administer, where the nomination is made within sixty days after the death of the intestate.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913. *Certiorari* denied by Supreme Court (making opinion final).

BUNDY & WHAM, HOLT & WILSON and E. D. TELFORD, for appellant.

KAGY & VANDERVORT, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This suit involves the appointment of an administrator of the estate of Sea Bird Wilkins, a former resident of Marion county, Illinois, who died intestate on June 4, 1908. At the time of his death he was possessed of a large estate of real and personal property. He had never been married and his heirs at law consisted of a number of nephews and nieces, grandnephews and grandnieces, residing in this and other States. Shortly after his death, on June 6, 1908, S. Catherine Justice, a niece, residing in this State and therefore competent to administer on his estate, waived her right so to do, naming Demalian Justice, her son, as administrator of said estate. The County Court made the appointment and about an hour later a number of others, next of kin, competent to administer, filed a petition waiving their right, and asking the appointment of Roy Wilkins, the appellee herein. This petition the County Court refused to entertain, and the petitioners appealed from the order appointing Demalian Justice administrator to the Circuit Court of Marion county, where the appointment was sustained and on appeal to this court the order of the County Court was affirmed. *Wilkins v. Justice,* 158 Ill. App. 504. The case was then appealed to the Supreme Court, where the judgment of the Appellate and Circuit courts were reversed. (251 Ill. 13.) That court in discussing the case said: "If no qualified heir of the class (that is the class entitled to the ap-

pointment) desires to be appointed, then the fair and reasonable method, when there is no unanimous nomination, is, everything else being equal, for the court to appoint the nominee of the majority of the class." Under that decision the majority, which would have the right to nominate the administrator, would be a majority of the resident next of kin competent to administer. A motion for a rehearing was denied by the Supreme Court on October 4, 1911, and on February 26, 1912, John J. Bundy, public administrator of Marion county, filed a petition on his own behalf asking that letters of administration be granted to him as such public administrator. The petition set out the names of fifty-three resident and seventy-three nonresident next of kin and heirs at law of Sea Bird Wilkins, and alleged that no petition had been filed by the next of kin or majority of them for appointment, as administrator of said estate, within sixty days from the death of said intestate. On March 16, 1912, Roy Wilkins filed his petition stating that he was the choice of a majority of the next of kin for administrator of said estate. "That within sixty days from the death of the said Sea Bird Wilkins, a majority of the nearest of kin petitioned for the appointment of your petitioner as such administrator, and that the majority of all the other next of kin within the next sixty days, petitioned for the appointment of your petitioner as such administrator, who learned of the death of the said Sea Bird Wilkins, deceased, and that as soon thereafter as other distributees residing in the State of Illinois, learned of the death of said Sea Bird Wilkins, deceased, and learned that they were such distributees, they also petitioned for the appointment of your petitioner as such administrator." The petition also stated that a majority of the next of kin and distributees, who lived outside of the State of Illinois, had also petitioned and expressed a desire for the appointment of said petitioner as such administrator.

The Supreme Court in the opinion above referred to

stated that, "any one of the nephews and nieces residing in this State, and otherwise qualified, was entitled to be appointed as administrator, and the court might have granted letters to any one or more of them." From this statement appellees draw the conclusion and insist here that the phrase "next of kin," as applied to this case, does not include all the distributees of the estate but only the nephews and nieces, this class being the nearest "next of kin;" that therefore the persons having the right to administer or to appoint an administrator for this estate are the nephews and nieces of the deceased, residing in this State. If this view of the law be correct, the case is easy of determination, as it appeared from the proofs there were only seventeen resident nephews and nieces, fifteen of whom, within sixty days, waived their right to administer and nominate Roy Wilkins administrator, which would establish his right to have letters of administration on said estate granted to him. Appellant, however, insists grandnephews and grandnieces, being distributees of the estate, must also be treated as next of kin within the meaning of the statute entitling them to administer; that there were forty-eight of this class residing in the State of Illinois, competent to administer, and that only twenty-three of them had signed the petition for Roy Wilkins within sixty days after Sea Bird Wilkins' death; that therefore a majority of the next of kin of legal age residing in Illinois had failed to petition for the appointment of Roy Wilkins within said sixty days and consequently administration should be conferred upon the public administrator.

Appellees meet this contention by the claim that the proof shows there were only forty persons residents of the estate qualified to nominate, even if all the distributees be considered next of kin, and that of this number twenty-three had petitioned for his appointment within the sixty days and three more before appellant had filed his petition. In appellant's list of

resident next of kin was the name of Ora Denton Reeves but she died, leaving an infant son as her only heir at law, shortly after the death of Sea Bird Wilkins, though whether it was before or after the expiration of the sixty days is not shown.

Appellees insist that the name given in appellant's list as "Lettie Reed" should really have been "Lottie Reeves," shown by the proofs to have been one of the daughters of Joseph Wilkins, who was of unsound mind and did not die until after the sixty days had expired. They further claim that the name of "Millie Wilkins," which appears upon the list, should have been "Mary Wilkins," who was a minor and not capable of making a selection. An examination of the several petitions filed for appellee fails to show the names of Lottie Reeves, Lettie Reed, Millie Wilkins or Mary Wilkins as distributees of the estate.

Luther Holt, whose mother was a niece of Sea Bird Wilkins, testified on the part of appellees. In his testimony he gave a list of the heirs of Sea Bird Wilkins, nephews and nieces, grandnephews and grandnieces, who were of age and residents of the State of Illinois and in this list none of the above names were given. This must be taken as proof tending to show that neither Lettie Reed nor Millie Wilkins were competent to nominate an administrator and these were included in the list of forty-eight claimed by appellant to be competent. Under these circumstances, we think the court below would have been warranted in excluding the names of Ora Denton Reeves, Millie Wilkins and Lettie Reed from among those competent to nominate an administrator, and with these names eliminated, the list of those asking for the appointment of appellee Roy Wilkins will contain a majority of those competent to nominate the administrator.

It is worthy of comment that prior to the time appellant, as public administrator, filed his petition, three more of those claimed by him to be entitled to nominate, namely, Mary Sloan, Elijah J. Aultman and Polly

Helm, filed their petitions asking for the appointment of Roy Wilkins as administrator.

In the case of *Savage v. Luther,* 165 Ill. App. 1, in a case involving a controversy between the public administrator and the heirs at law, as to the right to administer upon the estate of an intestate, the Court says: "The public administrator has no right to enter into a controversy with the heirs at law of an intestate to prevent their securing their preference to administer or to nominate, nor should he be permitted to resort to any technicality to prevent a resident heir from obtaining administration or nominating an administrator during the sixty days succeeding the death of the intestate. It was not intended by the statute to give the public administrator a foothold from which to wrest the administration from the heirs at law. His only proper function is to accept administration when administration is necessary and the specified heirs and distributees have failed to exercise their preference to administer or to nominate within the time given them therefor." We agree with the sentiment above expressed by the Appellate Court of the Second District and having this in view, we are of opinion that in this case where appellant was seeking to establish his right to administer as against that of one who was next of kin, the judgment of the court below sustaining the right of appellee Roy Wilkins as next of kin to administer upon the estate should be sustained.

*Judgment affirmed.*