## In re Estate of Sara A. Dupee, Deceased.
## Frank W. Dupee et al., Appellants, v. Frank F. Follett, Public Administrator, Appellee.

### Gen. No. 6,903.

1. EXECUTORS AND ADMINISTRATORS—*propriety of appointment of public administrator.* Sections 18, 19 and 48 of the Administration Act relating to the appointment of administrators (Cahill's Ill. St. ch. 3, ¶¶ 18, 19, 49), considered on question whether or not the appointment of the public administrator was proper under the circumstances, and held that such appointment was proper where there was no question as to heirship and the order of preference was known at all times, and the heirs filed petitions for letters after the time provided for such filing by the statute, and the public administrator filed his petition thereafter.

2. EXECUTORS AND ADMINISTRATORS—*forfeiture by heirs of right to apply for letters by failure to make timely application.* The heirs of a decedent forfeit their right to apply for letters of administration by failing to make such application within the time provided by statute.

Appeal from the Circuit Court of La Salle county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed November 2, 1921.

LESTER H. STRAWN, for appellants.

HOWARD H. BAYNE, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

This is an appeal by appellants, as heirs of Sara A. Dupee, from an order of the circuit court of La Salle county appointing appellee, the public administrator of that county, as administrator of the estate of Sara A. Dupee.

Sara A. Dupee, a resident of La Salle county, died intestate February 20, 1920, leaving two residence

properties in La Salle county and eight vacant lots in Chicago, all of the value of $8,000, and personal property of the value of about $500. She left surviving her three children, Frank W. Dupee, John A. Dupee and Ella Dupee, all of legal age, and two minor grandchildren, as her only heirs at law. Ella Dupee was the legal guardian of the minors. All of the heirs and the legal guardian agreed that Frank W. Dupee should collect the assets of the estate and discharge the liabilities and for greater convenience in so doing he should be appointed administrator. On July 28, 1920, Frank W. Dupee filed his petition in the probate court of La Salle county for his appointment as such administrator. On August 4, 1920, all of the heirs, including the guardian of the minors, filed a similar petition. On August 30, 1920, appellee, Frank F. Follett, public administrator of La Salle county, filed a petition for his appointment. There was a hearing in the probate court on all three petitions and the first two were dismissed and the public administrator was appointed under the third petition. An appeal was prosecuted to the circuit court of La Salle county and upon a hearing *de novo* the public administrator was again appointed and from that order this appeal was taken.

The only question raised upon this appeal is that the trial court was in error in holding that the appellants by failing to apply for letters of administration within the time provided by statute forfeited their right to have Frank W. Dupee appointed. The determination of this question, appellants contend, depends upon the construction of sections 18, 19 and 48 of the Administration Act (Hurd's Rev. St. 1919, page 11, Cahill's Ill. St. ch. 3, ¶¶ 18, 19, 49).

Section 18 provides that administration of the estate of persons dying intestate shall be granted in the following order: First, to the surviving husband or wife or any competent person nominated by him or her; second, to the children or any competent person

nominated by them; * * * ninth, to the public administrator or to any creditor who shall apply for the same. * * * Preference and the right to nominate under this act must be exercised within sixty days from the death of the intestate, at the expiration of which time administration shall be granted to the public administrator.

Section 19 provides that letters shall not be granted to any person not entitled as husband, widow, next of kin, creditor or public administrator, within seventy-five days after the death of intestate, without satisfactory evidence that the persons having the preference have relinquished their prior right thereto; and if within seventy-five days letters have been granted to the public administrator or to a creditor, and it shall afterwards appear there was a resident widow or husband or child, the letters granted may be revoked provided application is made by such widow or husband or child within six months.

Section 48 provides that whenever administration is granted to any public administrator, and it shall afterwards appear that there is a widow or next of kin, or creditor of the deceased, entitled to the preference of administration by this act, it shall be the duty of the county court to revoke the letters granted to such public administrator, and to grant the same to such widow, next of kin or creditor, as is entitled thereto: *Provided,* application is made by such person, within six months after letters were granted to the public administrator; saving to such administrator, in all cases, all such sums of money on account of commissions or expenses as are due to, or incurred by him, in the management of said estate.

Appellants cite *Petteys v. Hutchings,* 154 Ill. App. 101; *Cotterell v. Coen,* 246 Ill. 410, and *Krome v. Halbert,* 263 Ill. 172, as cases tending to sustain their position that the trial court was in error in appointing the public administrator, but after a careful examination

we find that no case to which our attention has been called is conclusive of the question at issue.

In *Petteys v. Hutchings, supra,* it was held that the word "shall" in section 18 as applied to the granting of administration to the public administrator should be construed as "may," and that where a will is set aside more than 60 days after the death of the intestate the public administrator is not entitled to the administration but such right is in the next of kin.

In *Cotterell v. Coen, supra,* it was held that section 18 does not contemplate that administration must be had in every case of a person dying intestate, even though the case does not fall within the provisions of the section. Where the heirs at law have promised the ancestor to settle the estate without administration and they have carried out the agreement, there being no debts, no administration is necessary unless there is a disagreement among the heirs in regard to administration. Where the only service which can be performed by the public administrator is to distribute the estate, there is no authority for granting letters of administration.

In *Krome v. Halbert, supra,* it was held that in construing a statute all parts must be construed together; that the court is not confined to the literal meaning of the words used but the intention may be collected from the necessity or objects of the act, and its words may be enlarged or restricted according to its intent; that for many years it has been the policy in Illinois to give preference to the surviving husband, widow or near relatives to administer regardless of whether or not the deceased was a resident of Illinois. Part of section 18 not material here was construed in that case.

The most that can be said of these cases is that they announce certain principles to be applied in construing the sections of the statute now under consideration, but none of them involves the exact question here raised.

The only part of section 18 which is applicable here is that part fixing the order in which letters shall be granted, with the proviso that the preference and right to nominate must be exercised within 60 days of the intestate's death, at the expiration of which time administration shall be granted to the public administrator. Section 19 provides that letters of administration shall not be granted to any person not entitled to the same as husband, widow, next of kin or public administrator within 75 days after the death of the intestate without satisfactory evidence that the persons having the preference have relinquished their prior right.

Sara A. Dupee was a resident of Illinois. All of her heirs were residents of this State. Her property was all in this State. She died intestate. Her heirs first agreed not to administer. Later they changed their minds and decided to have administration. They made application for administration but over five months had elapsed since the death of the intestate. As far as this case is concerned there was no agreement among the heirs not to administer and it is not claimed that administration was unnecessary. The language of the statute is plain and free from ambiguity. Under these sections the heirs of Sara A. Dupee had the first right to administer provided they exercised that right within 60 days of her death. They did not act within the time provided by law, hence they lost the right to priority and the court properly appointed the public administrator.

Counsel for appellants calls our attention to the cases of *Savage v. Luther,* 165 Ill. App. 1, and *Bundy v. Wilkins,* 183 Ill. App. 560, as tending to support their contention. Neither case is in conflict with the views above expressed, but each case holds that the preference to administer must be exercised within the time provided by law. In *Savage v. Luther, supra,* it was held that under section 18, no right of nomination is conferred upon the public administrator or creditors

of a nonresident heir; that it is error to appoint the public administrator upon petition of a creditor filed nine days after the death of the intestate where no emergency exists; that it is not the intention of the statute to give a public administrator a foothold from which to wrest an estate from the heirs. His only proper function is to accept administration when administration is necessary and the specified heirs and distributees have failed to exercise their preference to administer or to nominate within the time provided by statute. In *Bundy v. Wilkins, supra,* it was held that where an intestate leaves only nephews and nieces and grandnephews and grandnieces as next of kin, the nominee of a majority of all the resident next of kin who are competent to administer is entitled to be appointed as administrator as against the public administrator where the nomination is made within 60 days of the death of the intestate.

Section 48 of the Administration Act has nothing to do with the question here presented. That section provides what shall be done in case administration is granted to the public administrator and it shall afterwards appear that there was a widow or next of kin or creditor entitled to preference. In this case the public administrator was not appointed until after the expiration of the time provided by law for the appointment by the heirs or a creditor. There was no question as to heirship, and the order of preference was known at all times, and the heirs simply failed to exercise their rights within the time provided by statute. The judgment of the circuit court will be affirmed.

*Judgment affirmed.*