CARPENTER v. WOOD.

ESTATES OF DECEDENTS—ADMINISTRATION—CREDITORS—DISPUTED CLAIM.

Under 3 Comp. Laws, § 9324, providing that, in case of the neglect of the widow and next of kin of an intestate to apply for administration within 30 days after his death, the same may be granted to a creditor, if competent and willing to take it, evidence that the claim of a petitioning creditor was disputed by the widow, by reason of which much feeling had arisen between them, was sufficient to justify a finding that the creditor was not a competent and suitable person to appoint as administrator.

Case made from Kent; Perkins, J. Submitted June 4, 1902. (Docket No. 8.) Decided July 1, 1902.

Frank L. Carpenter petitioned the probate court for his

appointment as administrator of the estate of Samuel S. Wood, deceased. The petition was denied on a contest made by decedent's widow, Loretta R. Wood, and petitioner appealed to the circuit court, where the order of the probate court was affirmed, and he again appeals. Affirmed.

*Frank L. Carpenter, in pro. per.*

*Dunham & Malcolm,* for appellee.

MOORE, J. Mr. Samuel S. Wood died, leaving a small estate. His widow did not apply for administration of his estate. After about 50 days had elapsed, Mr. Carpenter, who claimed to be a creditor, petitioned for the appointment of himself or some other person as administrator. Mrs. Wood was opposed to the appointment of Mr. Carpenter. She claimed the estate was not indebted to him. The probate judge was of the opinion that, because of his interest and the feeling between the widow and Mr. Carpenter, the latter was not a suitable person to be appointed administrator, and appointed Mr. Kirwin. Mr. Carpenter appealed to the circuit court, where the case was tried without a jury. The circuit judge affirmed the action of the probate judge, and Mr. Carpenter has brought the case here.

Upon the trial in the circuit court the probate judge was sworn as a witness, and testified:

"I think I made it plain in the disposition of the matter, to both counsel, that the reason I declined to appoint Mr. Carpenter was that in view of the difference existing between him and the widow over the status of his claim, and the enmity between them, and the dispute between them, that it was improper for either party, either creditor or widow, to be appointed administrator of the estate. That was the contest on the final hearing."

Mr. Carpenter was also sworn, and testified that he had Mr. Wood's note for $175, upon which $35 had been paid, and that the balance was due and unpaid.

Mrs. Wood was sworn, and testified that, shortly before the death of her husband, she heard a talk between him and Mr. Carpenter, in which—

"Mr. Wood said he was not going to take the piano, because it was not as recommended; that he could take the piano out, and he would call it square with him on account of what he had paid. Mr. Carpenter said he would take it out as soon as he could find a place for it, and in the meantime for us to try and dispose of it, and he would do the same. Mr. Carpenter's claim arose from the sale of that piano to my husband. I don't claim that he owes him anything."

There is a direct conflict between the widow and Mr. Carpenter. The circuit judge, among other things, found:

"Mr. Carpenter claims to be a creditor of said estate, and said widow denies that said estate is indebted in any sum whatever to said petitioner, and by reason of such claim much feeling has arisen between said claimant and said widow; and by reason thereof I find that said petitioner is not a competent and suitable person to administer said estate in its interests and the interests of the creditors of said estate, and that the said Joseph Kirwin is a competent and suitable person to perform the duties of administrator of said estate."

It is claimed in this court there was no testimony justifying this finding; that Mr. Carpenter is not disqualified, and, because the widow did not ask for administration within 30 days after the death of Mr. Wood, that Mr. Carpenter, as a matter of right, is entitled to letters of administration.

This court does not have the advantage which the probate judge and the circuit judge possessed in seeing the witnesses, their manner and conduct in giving testimony, but the record discloses an abundance of evidence upon which to base the action of the circuit judge. See 3 Comp. Laws, § 9324; *Wilkinson* v. *Conaty*, 65 Mich. 614 (32 N. W. 841).

The judgment is affirmed.

HOOKER, C. J., and MONTGOMERY, J., concurred. GRANT, J., took no part in the decision.