# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

DEMALIAN JUSTICE, Defendant in Error, *vs.* HUGH C. WILKINS *et al.* Plaintiffs in Error.

*Opinion filed June 20, 1911—Rehearing denied October 4, 1911.*

1. EXECUTORS AND ADMINISTRATORS—*administration should not be granted to one having special interest.* Where there are two or more persons equally entitled to administer an estate much discretion is necessarily vested in the court in making the appointment, and if any choice is permitted under the statute, the administration should not be committed to a person having a special interest opposed to the interests of the heirs.

2. SAME—*right of next of kin to nominate is given to them as a class.* Under clause 8 of section 18 of the Administration act, if none of the nearest next of kin desire to administer upon the estate they may join in nominating some qualified person to act, and if they cannot agree, the court, all things being equal, should appoint the nominee agreed on by the majority, if qualified to act.

3. SAME—*court cannot appoint person nominated by one member of a class unless others waive their rights.* Where one of the class of heirs entitled to administer upon an estate waives her right and nominates a person not of the class, the person so nominated does not stand in the place of the heir who nominated him, with equal right to administer, as against the other heirs of the class, and unless the latter waive their rights the court cannot appoint him.

4. SAME—*rule where a person entitled to act as administrator claims the right within sixty days.* Even though all those of the class entitled to administer who appear waive their right to administer and nominate another person not of the class, and he is appointed administrator by the court, yet if another of the class appears within sixty days from the death of the intestate and claims his right to administer, the court should appoint him if he is otherwise qualified, and make the necessary orders for the protection and compensation of the administrator first appointed.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding.

KAGY & VANDERVORT, for plaintiffs in error.

C. H. HOLT, E. D. TELFORD, and W. F. BUNDY, for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

Sea Bird Wilkins died intestate in Marion county on June 4, 1908. Being a bachelor, there was no child or descendants thereof. He left no parents, brothers or sisters. The next of kin and only heirs-at-law were some sixteen nephews and nieces residing in this State and a number in other States, and a number of grand-nephews and grand-nieces in this and other States. He left some $30,000 or $40,000 in personal property and about one thousand acres of land in Illinois. About eight o'clock on June 6, 1908, the morning after the funeral, S. Catherine Justice, one of the nieces residing in Marion county, appeared in the county court, waived her right to administer and nominated in her place her son, Demalian Justice. The petition did not mention any of the other heirs. The court appointed the administrator in accordance with the prayer of the petition. About an hour afterwards a number of

nephews and nieces appeared and filed two petitions in the same court, representing that there were a large number of heirs of said Wilkins and more than three-fourths of them desired the appointment of Roy Wilkins as administrator, and on behalf of themselves and the other heirs they requested time in which to present proper petitions. They further requested that the county court give full hearing as to who was the proper person to administer and that it set aside the order appointing Demalian Justice. Later on, a number of other nephews and nieces filed petitions for the appointment of Roy Wilkins. The county court proceeded to enter orders, in due course, upon the administration as awarded to Demalian Justice, appointing appraisers, fixing claim day and granting leave to sell the personal property. Objections in various forms and an application for change of venue were made by plaintiffs in error to the proceedings. Plaintiffs in error appealed from the order appointing Demalian Justice administrator to the circuit court, and that court and the Appellate Court have sustained the appointment. The case is brought to this court on a petition for *certiorari*, for further review.

Section 18 of the Administration act reads, in part, as follows: "Administration of the estate of all persons dying intestate shall be granted to some one or more of the persons hereinafter mentioned and they are respectively entitled to preference thereto in the following order: First, to the surviving husband or wife or any competent person nominated by him or her." Then follow clauses as to (2) children; (3) father; (4) mother; (5) brothers; (6) sisters; (7) grandchildren,—in each instance adding, "or any competent person nominated by them," or by him or her, as the case may be. The eighth clause reads as follows: "To the next of kin or any competent person nominated by them." It is further provided: "Only such persons as are entitled to administer under this act shall have the right to nominate. When several are claiming and are equally en-

titled to administration, the court may grant letters to one or more of them, preferring relatives of the whole to those of half blood." The decision of this case turns upon what is the proper construction of said eighth clause.

Any one of the nephews and nieces residing in this State, and otherwise qualified, was entitled to be appointed as administrator, and the court might have granted letters to any one or more of them. Could he legally appoint a stranger to the class, nominated by one of these nephews or nieces, unless the others who were equally entitled to administer waived their rights? We think not. In our judgment the statute is mandatory to appoint one or more of the next of kin residing in the State, who were otherwise qualified, unless they waived their rights. (*O'Rear* v. *Crum,* 135 Ill. 294; *Judd* v. *Ross,* 146 id. 40.) When any one heir of a class waives the right and nominates another, the one so nominated is not to stand in the place of the other, with equal rights to administer as against the other heirs of the class, unless the person nominating is the only heir of that class. If all of those who appear of the class entitled to administer waive that right and another person is appointed at his, her or their request, if one of the others of the class who are equally entitled to administer appears "within sixty days from the death of intestate" and insists upon his right to administer in person, and if he is a competent person, we are of the opinion that it would be the duty of the court to appoint him, provided, however, in turning over the estate the court may make all necessary orders for its proper protection and for the compensation of the person theretofore appointed.

The statute uses the singular "him" or "her" whenever it refers to a class composed of but one, and "them" when referring to a class which may be composed of more than one. Said section 18 was amended to read as it now does in 1905. Previous to the amendment it provided that the administration should be granted to certain persons "if they

will accept the same, or the court may grant letters of administration to some competent person who may be nominated to the court by either of them," etc.   The legislature, by changing the language in the amendment and using in some clauses the word "him" or "her," and in others, including clause 8, the word "them," clearly intended by clause 8 to give the right to nominate to the class and not to one of the class.   If no qualified heir of the class desires to be appointed, then the fair and reasonable method, when there is no unanimous nomination, is, everything else being equal, for the court to appoint the nominee of the majority of the class.   Whether these provisions of the statute are wise or unwise is not for this court to decide.

In passing upon the application of two or more persons equally entitled to administer, a large discretion must necessarily be left to the court appointing.   The office of administrator is one of trust and confidence, and should not ordinarily be committed to one, if any choice is permitted by the statute, who has a special interest opposed to the interests of the other heirs.   *Heward* v. *Slagle,* 52 Ill. 336; *Stearns* v. *Fiske,* 18 Pick. 24; *In re Schmidt's Estate,* 183 Pa. St. 129; *Bridgman* v. *Bridgman,* 30 W. Va. 212; *In re Drew's Appeal,* 58 N. H. 319; *Moody* v. *Moody,* 29 Ga. 519; 1 Woerner on Law of Administration, (2d ed.) sec. 235.

It is insisted by appellants that the present administrator, for several years before the death of Sea Bird Wilkins, had practically entire control of the property of the deceased.   It is also insisted that he has not returned a proper inventory of the estate and that he has in his possession assets belonging to the estate.   If the facts support these contentions, Demalian Justice is not a proper person to administer the estate.   *Heward* v. *Slagle, supra.*

The question whether we can review the facts as well as the law in this case, in view of our holding, need not be decided.   Our views on similar questions are fully set

forth in *Zeigler* v. *Illinois Trust and Savings Bank,* 245 Ill. 180, and cases cited.

The judgments of the Appellate Court and of the circuit court will be reversed and the cause remanded to the circuit court for further proceedings in accordance with the views herein expressed.        *Reversed and remanded.*