IN RE ESTATE OF ZACCHEUS BOURNE.

CHARLES M. BOURNE, Appellant, v. R. J. BOURNE et al., Executors, Appellees.

No. 40094.

884

September 22, 1930.

*R. G. Remley*, for appellant.

*Martin & Alexander*, for executors, appellees.

*Burnstedt & Hemingway, pro se* and Varick C. Crosley, appellees.

De Graff, J.—Zaccheus Bourne died testate on November 7, 1914, a resident of Hamilton County, Iowa. Under the terms of his will, he devised and bequeathed to his wife, Isadora Bourne, "all property owned by me at my death, be the same real, personal, or mixed, and wherever situate, to be used, held and enjoyed by my said wife during the term of her natural life, and I hereby authorize, empower, and direct my executors hereinafter named to furnish to my said wife such additional means as in their judgment is necessary for her proper care and support.

The provision herein named for my said wife is made in lieu of dower and other statutory rights.''

It is further provided, ''subject to the foregoing provisions,'' that all of the rest, residue, and remainder of all property owned by the said Zaccheus Bourne at his death shall pass in fee simple to his nine children (naming them) share and share alike, subject, however, to the following:

''To George N. Bourne I have advanced the sum of $4,000; to Russell J. Bourne the sum of $500; to Arthur R. Bourne, the sum of $1,000; to Frank S. Bourne the sum of $1,000, and I hereby expressly direct that the sums so advanced to the children named shall be deducted from the shares respectively of each of said children in my estate. I make the further express provision that any sum or sums which I may hereafter pay for either of my said children, or which my estate shall be required to pay because of my having become surety for any of my said children shall be deducted from the share of the one or ones for whom such payment or payments is made, the sums already paid or hereafter paid either by myself or my estate to be regarded as advancements and treated as such in the distribution of my estate.''

The testator nominated two of his sons, Henry S. Bourne and Russell J. Bourne, the executors of his last will and testament, giving them ''full power and authority to carry into effect each and every provision of this my last will and testament.''

On February 22, 1915, the will was admitted to probate, and the two executors named in the will were appointed, and subsequently qualified, and letters of administration issued to them.

An inventory was filed, disclosing that the personal property in said estate consisted of a horse, buggy, and harness, and a note to the estate from Henry S. Bourne (one of the executors) for $2,000, and a balance due the estate on land contract from Russell J. Bourne (the other executor), in the sum of $3,000. The inventory also listed two parcels of Iowa land, one of 439 acres and the other of 120 acres. The inventory also recited an interest in a garage at Radcliffe, Iowa.

The widow and life tenant, Isadora Bourne, died September

27, 1919, and Russell J. Bourne was appointed and qualified as the administrator of her estate. When the life estate of the widow ended by her death, the nine children of Zaccheus Bourne, under the terms of his will, became vested as remaindermen "of all property" then belonging to the estate of Zaccheus Bourne. The record discloses that the executors continued to act, and filed reports from time to time, and made their final report (the one in question) on May 7, 1928. The final report recites that all moneys received in said estate have been applied toward payment of claims and expenditures, "leaving no balance on hand."

The court made a finding that considerable expense and loss were incurred to the estate, due to economic conditions prevailing generally during the pendency of the said administration of the Zaccheus Bourne estate. The water has  passed over the dam, and the question is: Are any of the numerous items as contained in the executors' final report subject to the challenge of the objector, Charles M. Bourne, one of the sons of Zaccheus Bourne, and one of the beneficiaries under the will? It must be conceded that a proper method was adopted to contest the liability of the executors in the instant case. *In re Estate of Parker*, 189 Iowa 1131.

It may be stated at the outset that the objector has no interest in any of the matters pertaining to the income from the said estate during the period between the death of Zaccheus and the death of his wife, Isadora. Furthermore, the will of Zaccheus Bourne named the executors with a power annexed, and with the estate created by said will in the wife Isadora, we are not concerned. The instant action is in probate. It is so entitled. We will not here review the cause *de novo*.

"We can only review errors of law committed by the trial court in passing upon the final report of the administratrix." *In re Estate of Chismore*, 194 Iowa 300.

It will serve the purpose of this appeal to review the material findings and conclusions of law thereon made by the trial court.

1. The widow, Isadora Bourne, as a life tenant under the

will of her husband, Zaccheus Bourne, did, prior to July 4, 1919, by her acts and conduct, as disclosed by the evidence, accept the provisions of the instant will, consented thereto, and elected to take thereunder. The date July 4, 1919, is important for the reason that on said date the statute governing an election by a widow became effective, and changed the pre-existing statute. In the finding and conclusion of law that the widow took under the will, the court was correct. *Pabbeldt v. Schroeder*, 202 Iowa 689. The legislative history relative to election by the widow as a devisee is found in the *Pabbeldt* case, supra. See, also, *In re Estate of Emerson*, 191 Iowa 900.

2. The court made a finding that all disbursements or expenditures made by said executors for and on behalf of Isadora Bourne prior to her death were authorized under the terms of the will. The court further found that the payment by the executors of the funeral expenses of the said Isadora Bourne were proper, and that the executors were authorized so to do, and that such disbursements were reasonable and proper, and that the said payments should be credited in the executors' accounts for these items, and "are items for which the said estate was and is liable." It is not made to appear in this record that any prejudice to the heirs resulted thereby.

The amount of the estate which Isadora Bourne possessed at the time of her death is not made to appear, nor does any report of her administrator find place in the instant record; but the fifth report filed by the executors, March 4, 1926, recites that the executors received, on April 8, 1922, from the Isadora R. Bourne estate, $300; and by the sixth report, bearing date March 4, 1926, apparently supplemental to the fifth report, of same date, it is shown that, on May 31, 1923, the instant executors received from the Isadora R. Bourne estate the sum of $250.

The objector makes complaint and assigns error on the allowance of funeral expense and other expenses incident to the death of Isadora Bourne, and the payment thereof by the instant executors, and the crediting of their account for these items. These items, if irregular, are evidently of a nonprejudicial character. The court so held, and we are not inclined to disturb its findings.

In the findings the court found that:

"At all times and in all matters pertaining to said estate, the said executors acted in accordance with their best judgment, and for the best interest of said estate, and used the highest diligence in the care and management and administration of said estate; that they at all times acted in good faith and in accordance with the terms and provisions of said decedent's will."

3. It was further found and determined that the best interest of said estate required that the estate be held open for "some time following the death of the said Isadora Bourne." The objector relies on Section 12044, Code, 1924, which has to do with a final settlement and the time limit therefor. The section reads:

· "Said final settlement shall be made within three years, unless otherwise ordered by the court."

No devisee (remainderman) demanded or filed application for the closing of the Zaccheus Bourne estate, and thereby waived the time limitation under the statutory provision. The probate court never acted in the premises. There was no occasion for the entering of an order in this matter, and the court did not take the initiative. Even though it is conceded that the interest of this estate would have been better served had this estate been closed at an earlier date, the objector-appellant is in no position now to complain in this particular.

4. It is also shown that the executors paid certain claims which were not filed against the estate; but the trial court held that they were valid and enforcible debts of the said estate, and would have been allowed and paid, if filed, and for this reason that such payments were proper, and that the executors were entitled to credit therefor in their accounts. This may be, under the record, classed as a mere irregularity, and not prejudicial to the estate.

5. We now pass to the rights of the interveners who filed petitions in said estate, alleging that their claims, respectively, were valid, existing claims. The objector, in his assigned error,

 relied upon for a reversal, states that the compensation allowed to the executors may be offset against the amount owed by said executors, respectively, to the estate, because the debts of an executor constitute assets in the hands of the executor, and must be accounted for to the estate; and that the fact that the executor Henry S. Bourne is now insolvent does not affect this right of offset against Henry S. Bourne.

Is the law, as contended for by said objector, applicable, in the light of the provisions of the will of Zaccheus Bourne? It may be granted that an executor owes a duty and the obligation to pay his debts to the estate, unless he is excused under the terms of the will, or by reason of some applicable principle of law. In the instant case, the construction of the will of Zaccheus Bourne is involved.

Before passing to a discussion of the pertinent paragraph of the will in question, heretofore set out, it may be stated that the trial court found that a fee of $1,000 had been allowed by the court to Henry S. Bourne for his services as executor; that intervener Burnstedt & Hemingway had rendered legal services to Henry S. Bourne in procuring the allowance of such fee, and held a duly perfected attorney's lien for $100 for said services; also, that Henry S. Bourne and wife had assigned to intervener Crosley their interest in said $1,000 fee, as security for a debt of $590 owed by them to Crosley. The question, therefore, presents itself squarely whether or not the trial court was in error in overruling the objector as to his claim and contention that the estate of the decedent had no right to offset any claim that they (the two interveners) may have against Henry S. Bourne, against the compensation due him as executor. This disputed matter between interveners and the objector must be determined by the construction placed upon the will of Zaccheus Bourne.

The third division of the will separates itself into three parts, and the words "said children," as used in said division, give rise to the call for interpretation. The words "said children" first appear in the first paragraph of the third division, where said words clearly refer to the nine children of the testator, Zaccheus Bourne. The words "said children" next appear in the second paragraph of the third division, and in that para-

graph there can be no doubt that the words refer only to the four children named in said paragraph, and that the respective specific amounts therein mentioned "shall be deducted from the shares" of the four named children. The words "said children" last appear in the third paragraph of the third division, which gives rise to the query whether said words refer to the four children named in the second paragraph or to the nine children named in the first paragraph. The will in question was made in May, 1914. For aught that appears in the evidence, H. S. Bourne was not indebted to his father at that time, but became indebted thereafter. The evidence does not disclose the date of the note, or for what it was given. The note does not appear in the record on this appeal. Zaccheus Bourne died in November, 1914. No circumstances are disclosed in the evidence that throw any light upon the proper construction of the words "said children," used in the will. The trial court evidently construed the last paragraph of the third division of the will to include all the children of the testator in its application: that is to say, that, when the testator wrote the words "I make the further express provision that any sum or sums which I may hereafter pay for either of my said children," he intended to place all of his children on a parity in the distribution of his estate, and that any moneys which he had advanced to any·of his nine children should "be deducted from the shares respectively of each of said children in my estate."

We conclude that the provisions of the will, as a whole, indicate an intent on the part of the testator to place all his children upon an absolute equality of privilege and burden, and therefore we hold that the assignee interveners respectively took the assignment of fees, free from'the right of offset. This is by reason of the construction we have placed upon the language of the will, as herein interpreted. The effect of the will was to convert the debts of the children into advancements.

The decree entered by the trial court is—*Affirmed*.

All the justices concur.