IN RE ESTATE OF WILLIAM J. TRACY.

No. 41358.

JUNE 24, 1932.

C. R. Metcalfe, for appellants.

J. T. Keenan, Bedell & Bedell, and Roseberry & Roseberry, for appellees.

FAVILLE, J.—The decedent, William J. Tracy, was never married. He died September 16, 1930, intestate. He was a resident of Plymouth County, Iowa. He left surviving him

forty-four nephews and nieces as his sole heirs at law. These are divided into two groups. One group of thirty-three are the appellants in this cause. The remaining group of eleven are the appellees.

Shortly after the death of the decedent a petition was filed by certain of the heirs belonging to the appellee group, praying the appointment of an administrator of said estate, and the court appointed one Bedell, an attorney, as such administrator. Bedell was in no way related to the decedent or the heirs. Subsequently, in April, 1931, said administrator filed a final report and resignation and requested that he be relieved from further responsibility in connection with said estate and that a successor be appointed. Thereafter, to wit, on or about June 1, 1931, the group of thirty-three heirs filed a petition asking that one Bennett, the husband of one of said heirs, be appointed as administrator *de bonis non* of said estate. The appellees filed a resistance to said application wherein they alleged that said Bennett is the husband of one of the heirs of said decedent, and that there are a large number of persons interested as heirs of said estate, and that more or less friction and misunderstanding now exists among them. The appellees prayed that the court appoint some suitable person as administrator of said estate, who will handle the same impartially and for the purpose of conserving all the property of said estate.

Upon the issues thus tendered a hearing was had, and at its conclusion the court entered an order "that John F. Stecker, of Akron, Iowa, an attorney of good standing in this court, be and he is hereby appointed as administrator *de bonis non* of the estate of William J. Tracy, deceased, to succeed E. T. Bedell, resigned." The court ordered letters of administration to issue and ordered that a bond be filed.

The appellants contend that said Bennett, nominated by them for appointment as administrator of said estate, is a suitable person to be so appointed, and that the court erred in refusing to make such appointment under the provisions of section 11883 of the Code. Said statute is as follows:

"In other cases, where an executor is not appointed by will, administration shall be granted to any suitable person or persons on the request and application of:

"1. The surviving spouse.

"2. The next of kin.

"3. Creditors.

"4. Any other person showing good grounds therefor."

A large amount of evidence was offered with regard to the qualifications of the said nominee, as well as extraneous matters. There is evidence tending to show that said Bennett has the intelligence, education, business experience, and moral character that are essential qualifications of a person suitable to occupy such a position of trust. But these qualifications of a nominee are not the only things to be considered by the court in determining whether such nominee is "a suitable person" to be appointed administrator of an estate. The court must determine not only whether the person sought to be appointed is suitable by reason of personal qualifications, but also whether or not, by reason of his relation to the estate and the parties interested therein, he is a suitable person to administer such estate. In the instant case the evidence abundantly demonstrates that the heirs at law of said decedent are divided into two warring factions. It is evident that the former administrator resigned because of such warfare. Specific attack is made in the evidence against one. of the heirs belonging to the appellee group, and serious charges are made in respect to the personal treatment of the decedent, and the disposition of certain property, and other matters. It appears that the appellant group, or certain persons therein, have manifested a desire that litigation should be started which might involve the said estate in much expense. It must have been obvious to the trial court, as it is to us, that the just, fair, and equitable administration of this estate will require a firm and impartial hand, acting under the immediate direction of the court, to conserve said estate and promote the best interests of all parties concerned. One possessing personal qualifications as to education, ability, character, et cetera, is not necessarily a suitable person, where he is of necessity a partisan of one faction in a contest of this character. The statute expressly vests a. discretion in the court to select a suitable person. If the nominee presented by certain of the parties interested in such estate is not a suitable person, because his interests are shown to be antagonistic to those of certain other

parties interested in said estate, it is not an abuse of discretion for the court to hold that such nominee is not a suitable person to be invested with the trust of administration of said estate.

From a careful examination of the record in this case, we are convinced that the best interests of said estate require the appointment of some person not connected with either one of the antagonistic groups, but one properly qualified and wholly disinterested, who can impartially administer said estate. We are also convinced that the person selected by the trial court has such qualifications. The recent case of In re Estate of Rugh, 211 Iowa 722, relied upon by appellants, is clearly distinguishable from the case at bar. In that case the court found that the party nominated as administrator was a suitable person within the meaning of the statute.

As bearing somewhat on the question of the exercise by the court of discretion under similar circumstances, see In re Van Vleck's Estate, 123 Iowa 89; In re Warner's Estate, 207 Pa. 580, 57 Atl. 35; Justice v. Wilkins, 251 Ill. 13, 95 N. E. 1025; Carpenter v. Wood, 131 Mich. 314, 91 N. W. 162; Bridgman v. Bridgman, 30 W. Va. 212, 3 S. E. 580; In re Schmidt's Estate, 38 Atl. 464 (Pa.) ; 23 C. J. 1047.

The order of the trial court is, in all respects, affirmed.— Affirmed.

WAGNER, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.