IN RE ESTATE OF MARY L. WINDHORST.
MATTIE GUYTON et al., FRANK VAN BUSKIRK, Administrator de bonis non, Objectors, Appellants, v. EMIL F. WINDHORST, Administrator, Appellee.

No. 44914.

Keenan, Clovis & Sar, for objectors, appellants.

Turner & Turner and Cosson, Stevens & Cosson, for administrator, appellee.

SAGER, J.— Appellants' first contention, as above stated, is with reference to taxes paid by administrator. While we would have been just as well satisfied with a contrary result, there was here involved a fact question and we do not feel warranted on this record in substituting our judgment for that of the court below.

The second proposition, that is, with reference to the $8,000 note and mortgage, presents a somewhat difficult and interesting question. Appellants argue, and we think rightfully

so, that the burden of proof was on the administrator to show why he should not be held accountable for the full value of the property inventoried by him, which inventory included his own debt. Reason and sound policy dictate that this should be so. The administrator charged himself with his note and mortgage to his mother as an asset. If it was not so in fact, it is only right that he should give the reasons why. We have so held. McEwen v. Fletcher, 164 Iowa 517, 146 N. W. 1, Ann. Cas. 1916D, 631; Brooke v. American Sav. Bank, 207 Iowa 668, 223 N. W. 500. See also 11 R. C. L. 116, section 118; Wachsmuth v. Penn Mutual L. Ins. Co., 241 Ill. 409, 89 N. E. 787, 26 L. R. A., N. S., 411, 132 Am. St. Rep. 226; In re Rinard's Estate, 224 Iowa 100, 275 N. W. 485.

Appellee in his final report asked: ''That upon the hearing of said report the same be approved and that your relator be authorized to pay over to the new administrator the above cash balance and turn over to him the above referred to note and second mortgage * * *.'' The court granted this prayer and directed ''that when said sum (which is not important here) is paid to the administrator of said estate, said Emil F. Windhorst should be credited on his $8,000.00 note to the estate with the sum of $215.17; and that said objections be and they are hereby overruled in all other respects.'' The objectors appeal.

It is their contention that appellee should have been charged with the full amount of the debt as if it were cash. This brings us to the question upon which the courts have widely differed, both on principle and under statutes: What is the obligation of an administrator who at the time of his appointment was indebted to the decedent whose estate he undertakes to administer? Appellee says the question has never been decided in this state. While this is true in a strict sense as applied to the case before us, we have nevertheless indicated our views with sufficient directness to point the way to the proper result. Before adverting to our own cases, we direct attention to 11 R. C. L. 113, section 115, et seq., where the subject is fully covered. See also note to Wachsmuth case cited above. Search for decisions later than those cited in the text and note has disclosed no pronouncement of principles differing from those announced in the cited authorities. Turning to our own decisions, we find

that this case is ruled in principle by McEwen v. Fletcher, 164 Iowa 517, at page 528, 146 N. W. 1, at page 5, Ann. Cas. 1916D, 631:

"This whole matter was thoroughly considered in In re Howell, 66 Neb. 575 (92 N. W. 760, 61 L. R. A. 313), and with the report of the case in the latter volume is printed a learned opinion by the trial judge. This opinion adopts the rule of the Indiana and other courts, which is as follows:

" ' "One question which seems to have been overlooked on the trial of the cause was the financial condition of Levin T. Miller, the administrator, during the period of his administration. The money collected by him while professing to act as agent of the administrator in Missouri, and for which he had not accounted when he became administrator, was a claim in favor of his trust, which he should have inventoried and charged himself with; and if, by the use of due diligence, all or any part of the claim could have been saved to the estate, his sureties are therewith chargeable; but, if he was hopelessly insolvent, they do not become liable therefor, the burden as to the question of insolvency being on the administrator and his sureties." Further on in the opinion the court says: "The debt of the administrator is to be accounted for as other debts or assets, and he may show his insolvency during the period of his administration in discharge of his official liability"—citing Woerner, Am. Law of Administration, page 654, section 311; Griffith v. Chew, 8 Serg. & R. (Pa.) 17 (11 Am. Dec. 556); Eichelberger v. Morris, 6 Watts, 42; Tarbell v. Jewett, 129 Mass. 457; McCarty v. Frazer, 62 Mo. 263. * * * It is a well-established rule of law, running back even before the Revolution, that an executor or administrator is considered as having paid the debts due from him to the estate, and as actually having in his possession that much more cash. If the personal representative is insolvent, the courts, in the interests of all concerned, modify this rule somewhat. He still charges himself with the amount of his debt, but it does not make it actually money. The law does not require impossibilities, and there is no more reason why he should be considered as having paid what he was utterly unable to pay, than any other creditor. He is held liable to the estate to the extent of his ability to pay the same at any time during administration.'

"This appears to us to be the reasonable rule, and it was foreshadowed in Kaster v. Pierson, 27 Iowa, 90-95, although what is there said is perhaps dictum. We adopt the rule. of the Indiana and Nebraska courts, and as stated by some of the text-writers, as the logical and reasonable one." See also In re Estate of Parker, 189 Iowa 1131, 179 N. W. 525.

The situation in which this administrator found himself when he came to make his final report would seem clearly to exclude an obligation to account for this debt in full. It is shown that the administrator made good faith but unsuccessful efforts to refinance this and a prior mortgage; but it does not appear whether or not there was any margin of value above the mortgage indebtedness in the 240-acre farm owned by the appellee. It may be conceded, though we do not decide, that there was no substantial equity. From this it does not follow that the appellee did not have some property which might and should have been applied towards the payment of this debt. This proof the administrator failed to furnish, as we have held above it was his duty to do. Whether he had any personal property above his exemptions we have no way of knowing. Appellee in argument says: "It is true that appellee did not testify to the number of pigs, horses and cows which he owned. It will not be so presumed but the probability is that they were well within the statutory exemptions." This assumption can hardly be accepted as proof. Again the appellee says: "It is true that the record does not disclose all of the personal property of which he was possessed but the inference from the facts shown is unavoidable that he was unable to pay his obligations to the estate." If we accept appellee's contention that he was unable to pay the estate the full amount of his obligation, we also hold that the obligation was upon him to satisfy the court by proper proof that he had no property or income which could have been applied at least in part payment. He was not required to surrender his exemptions, it being the policy of the law to preserve these for the protection of the family. Everything above that should have been applied to the debt. The record presents no basis upon which it is possible to decide whether or not appellee had any such. His unsuccessful attempts to make a settlement with his brothers and sisters have no bearing on the case. We are, therefore, under the necessity

of reversing the cause with instructions to the trial court to set the matter down for hearing at a convenient time to the end that it may be ascertained what property or income, if any, the appellee had or received during his administration which should have been applied to the payment of this debt.

The cause is, therefore, reversed with instructions that the court below proceed in accordance with the views expressed in this opinion.—Reversed with instructions.

STIGER, MILLER, BLISS, HALE, RICHARDS, and HAMILTON, JJ., concur.