In re Estate of Elizabeth E. Christensen.

No. 45506.

FEBRUARY 11, 1941.

Graham & Graham and Dalton & Dalton, for appellants.

Charles S. White and Lee White, for appellee.

MILLER, J.—The administration of this estate has provoked considerable litigation, some of which has been before this court. See Equitable Life Assur. Soc. v. Christensen, 225 Iowa 1258, 282 N. W. 721; In re Estate of Christensen, 227 Iowa 1028, 290 N. W. 34.

The will of testatrix nominated her husband, H. N. Christensen, executor and he qualified as such. By the terms of the will he was devised one half of the estate in fee and a life estate in the other half with remainder in fee to the objectors and appellants herein. On May 10, 1940, H. N. Christensen was declared to be of unsound mind. Pending such adjudication, on May 8, 1940, Naomi Miller et al., remaindermen under the will, filed an application, which was amended the following day and, as amended, asked that C. E. Nelson or H. Wayne Black, both of Audubon, Iowa, be appointed administrator with will annexed in the event a vacancy should occur by reason of H. N. Christensen, the executor, being adjudged of unsound mind.

Following the adjudication of May 10, 1940, one Sam Ross was appointed guardian of H. N. Christensen and, on May 22, 1940, Ross, as such guardian, filed a resistance to the application of Naomi Miller et al., and an application that he, Ross, or Charles S. White, his attorney, be appointed administrator with the will

annexed. On May 28, 1940, Naomi Miller and the other remaindermen filed a resistance to Ross' application. On June 15, 1940, Ross filed an answer to such resistance. On June 17, 1940, the matter proceeded to trial, evidence was introduced and, at the end of the trial, the court appointed Sam Ross administrator with the will annexed. Naomi Miller and the other remaindermen appeal.

Appellants' first assignment of error asserts that the court erred in not granting to appellants a priority pursuant to sections 11883 and 11884 of the Code, 1939. Said sections provide as follows:

"11883 Administration granted. In other cases, where an executor is not appointed by will, administration shall be granted to any suitable person or persons on the request and application of: (1) The surviving spouse; (2) The next of kin; (3) Creditors; (4) Any other person showing good grounds therefor.

"11884 Time allowed. To each of the above classes, in succession, a period of twenty days, commencing with the burial of the deceased, is allowed within which to apply for administration."

Appellee contends that the case is controlled by section 11874 of the Code, 1939, which provides as follows:

"11874 Filling vacancies. In case of a vacancy, letters of administration with the will annexed may be granted to some other person, or, if there be another executor competent to act, he may be allowed to proceed by himself in administering the estate."

We have carefully examined the authorities relied upon by appellants in support of their contentions herein. The decisions of this court which they cite do not appear to be in point. The decisions from other jurisdictions of course are not controlling and they do not appear to be persuasive because they interpret statutes which are not identical with ours. Those decisions of this court which appear to be applicable would seem to indicate that there is no merit in appellants' contention.

It will be noted that section 11883 of the Code applies "where an executor is not appointed by will". Such is not the

case here. H. M. Christensen was appointed by the will, qualified as such and served as executor of the estate for approximately six years. Also, when we consider the provisions of section 11884 with those of section 11883, it seems apparent that the legislature had in mind only an original appointment because the time allowed in which to assert the right of priority commences to run "with the burial of the deceased". If we are to give effect to that provision, then appellants had no right of priority, because approximately six years had expired since the burial of the deceased.

In the case of Crossan v. McCrary, 37 Iowa 684, 688, an application was made for the appointment of an administrator de bonis non after a lapse of five years from the death of the testator. The estate had not been fully settled. The administrator appointed was objected to by the widow. She claimed priority and her contentions appear to be similar to those now asserted by appellants. In holding that the appointment was proper, we state:

"The appointment of McCrary, being neither next of kin to decedent, nor a creditor of the estate, was properly made under Revision [1860], sections 2343–2347. The time fixed by these provisions in which the widow, next of kin and creditors of the estate respectively, are required to apply for appointment, having expired, the court was authorized to appoint any proper person, though a stranger."

Appellants contend that the above language supports their contentions. We are disposed to the view that it is opposed to them.

Again, in the case of Ellyson v. Lord, 124 Iowa 125, 133, 99 N. W. 582, 585, in construing Code sections 3290–3292 of the Code, 1897, now sections 11873–11875 [Code, 1939], we state:

"With reference to executors it is provided that, if a person appointed executor refuses to accept the trust, or is removed, and a vacancy is thereby occasioned, letters of administration with the will annexed may be granted to some other person, and the substitution of other executors shall occasion no delay in administering the estate. See Code, sections 3290–3292, which are

substantially. the same as provisions in force when Lord was appointed. There are no specific provisions as to the appointment of a succeeding administrator in case of a vacancy.''

The above language indicates that the priorities claimed by section 11883 of the Code, 1939, are not applicable to an appointment made pursuant to the provisions of section 11874.

There is a further consideration that would seem to be conclusive against the contentions of appellants. Their proposition is based upon the assertion that the priorities granted under section 11883 may be insisted upon as a matter of right and that the court would have no discretion in the matter. We have repeatedly held otherwise and have recognized discretion in the making of such appointments. The case of In re Estate of Tracy, 214 Iowa 881, 884, 243 N. W. 309, 311, appears to be particularly in point. In that case, there were two groups of heirs applying for the appointment of their respective candidates as administrator. The court refused to appoint either candidate and appointed a person who was not advanced by either group. In holding that the selection was proper, we state:

''As bearing somewhat on the question of the exercise by the court of discretion under similar circumstances, see In re Van Vleck's Estate, 123 Iowa 89; In re Warner's Estate, 207 Pa. 580, 57 Atl. 35; Justice v. Wilkins, 251 Ill. 13, 95 N. E. 1025; Carpenter v. Wood, 131 Mich. 314, 91 N. W. 162; Bridgman v. Bridgman, 30 W. Va. 212, 3 S. E. 580; In re Schmidt's Estate, 38 Atl. 464 (Pa.); 23 C. J. 1047.''

By reason of the foregoing, we hold that there is no merit in appellants' first assignment of error.

Appellants' second assignment of error asserts that the court erred in granting to appellee, as guardian of H. N. Christensen, a preference. The third assignment of error asserts that the court erred in holding that the interests of the guardian were not in conflict with the interests of the administrator of the estate. The fourth and final assignment of error complains of the willingness of the guardian to serve without compensation. These assignments of error will be considered together.

In making the appointment, the court states:

"I think Sam Ross should be appointed for two reasons:

"First, because of the peculiar circumstances of the situation revealed in evidence, I think he is in a position to carry out the duties of the office and with more economy and efficiency, and with less danger of expensive and protracted litigation than the other worthy men suggested.

"Second, it appears to be the general rule that a guardian may act for a ward, who, but for his incompetency, would be entitled to control the appointment. 21 Am. Jur. 416, at 76; 23 C. J. 1040, at 104.

"With the exception of some dictum in the Read case 179 Ia. 1208, 162 N. W. 775, the authorities cited by counsel for Naomi Miller, et al, on this last proposition are not in point.

"I do not believe that the mere claim that the ward is indebted to the estate would disqualify his guardian to act as administrator, at least in the absence of evidence that such indebtedness exists.

"On the other hand the combination in one person of the duties as guardian for the principal heir and life tenant with those of administrator with will annexed of the estate, together with the fact that the attorney for the guardian is also receiver of the real estate, offers an excellent opportunity for closeness of cooperation and efficient management. No challenge is made of the integrity or ability of Mr. Ross.

"The allegation of willingness to waive certain compensation is given no consideration.

"If the heirs are aggrieved by any failure of the executor to collect assets it would appear that they might raise the issue by objection to his reports or in one of the other methods heretofore pointed out in connection with this proceeding."

It will be noted that the court states, "The allegation of willingness to waive certain compensation is given no consideration." Accordingly, there is no merit in the fourth assignment of error.

The only assignments of error, remaining for our consideration, are the second and the third. They challenge separately the two reasons given by the court for his appointment of Ross as. administrator. We will consider the assignments together, be-

cause we feel that the court considered the two reasons, in their cumulative effect, as sufficient to warrant the appointment. When we so consider them, we are disposed to the view that there was no such abuse of discretion as would warrant reversal herein.

Appellants' second assignment of error asserts that the court erred in granting the guardian of Christensen a preference. We do not so construe the decision. The appointment was made in the exercise of discretion, for the best interests of the estate, in securing closeness of cooperation and efficient management. We hold that this was within the discretion of the court.

There remains the third assignment of error, which asserts that the court erred in not holding that the interests of Ross, as guardian, were so in conflict with his interests as administrator that he was disqualified thereby. The court held that the objection was without merit, in the absence of evidence that such indebtedness exists. We are of the opinion that such holding was within the discretion of the court.

Appellants contend, however, that the appointment of Ross makes it impossible to secure an adjudication of the indebtedness of Christensen to the estate. They rely upon certain language, appearing in the case of McEwen v. Fletcher, 164 Iowa 517, 525, 146 N. W. 1, 4, Ann. Cas. 1916D, 631, 634, to wit:

"There is no provision of law for the appointment of a special or temporary administrator to collect a claim due from the regular administrator to the estate; neither the heirs, creditors, distributees, or legatees may maintain an action to recover such indebtedness from the regular administrator; and, of course, the administrator cannot sue himself. * * * [Citing cases.]"

We are convinced that appellants misinterpret the position taken by us. In announcing the rule to be applied in determining the liability of an administrator or an executor to the estate, we also state (164 Iowa 517, 525, 526, 527, 146 N. W. 4, 5, Ann. Cas. 1916D, 634, 635) as follows:

"For every purpose save one, to which we shall presently advert, debts due by an administrator to the estate he is adminis-

tering are treated as assets of the estate from the time of their maturity, * * *

"Many courts hold that the amount of the indebtedness of the administrator will be treated as assets in his hands belonging to the estate, from the time of its maturity, be he solvent or insolvent; thus making the sureties on his bond guarantors of his personal indebtedness, and becoming immediately liable for the amount of the indebtedness because of the administrator's insolvency. * * * [Citing cases.]

"The better rule, we think, is that, for the purpose of charging the sureties on the administrator's bond, the indebtedness owing by the administrator to the estate should not be regarded as an asset as of the time of its maturity, if at that time and at all subsequent periods he was insolvent and did not have, or could not procure the money. * * * [Citing cases.]

"While the sureties on an administrator's bond do not guarantee his solvency or ability to pay his own debt to the estate, yet as he holds the matter in his own hands and at the time of the maturity of his debt, or afterward, becomes solvent, he is expected to do his duty and to set apart for the estate of which he is trustee, the amount of his indebtedness. * * * [Citing cases.]"

The rule announced in the above quotation has been followed and applied in the recent case of In re Estate of Windhorst, 227 Iowa 808, 288 N. W. 892. Accordingly, it appears that, insofar as an executor or administrator may be indebted to the estate at the time of his qualification, it is his duty to account for such indebtedness and he will be presumed to have set aside funds for the payment thereof unless it be shown that he was insolvent and did not have and could not procure the money.

In the case of Garretson v. Kinkead, 118 Iowa 383, 384, 92 N. W. 55, we point out that the indebtedness of the administrator may be determined in proceedings for an accounting under the statutes now appearing in chapter 509 of the Code, 1939, sections 12041 et seq. We have also held that the indebtedness of an executor to the estate may be determined at the hearing on his final report. In re Estate of Parker, 189 Iowa 1131, 1142, 179 N. W. 525, 528; In re Estate of Bourne, 210 Iowa 883, 886,

232 N. W. 169, 170. Where the executor is a devisee, his indebtedness may be offset against the devise to him and where he is insolvent an offset may be had against his share in the real estate. In re Estate of Morgan, 226 Iowa 68, 69, 283 N. W. 267, 268, and cases cited therein. While there is no statutory provision for the appointment of a special administrator to determine the indebtedness of an executor, we did not question the propriety of such an appointment in the case of Dillinger v. Steele, 207 Iowa 20, 23, 222 N. W. 564, 565.

In the proceedings herein, Charles S. White, who now appears as the attorney for Ross, both in his capacity as administrator and guardian, testified as follows:

"If I was appointed administrator with the will annexed or were I the attorney for the one who takes that position, I will take the same position that I have taken for the past five years. I would thresh out the rest of the questions that may be necessary to determine the interests of the parties concerned and if it would be necessary I would have a special administrator appointed to prosecute that angle of the controversies."

By reason of the foregoing, we are satisfied that the fact that Ross is both guardian and administrator with the will annexed does not and should not prevent appellants from securing a hearing upon their contention that Christensen is indebted to the estate. If the appointment of a special or temporary administrator is necessary to facilitate such proceedings, we are confident that Charles S. White, as attorney for the administrator and the guardian, will keep faith with his representation to the court and cooperate in such appointment.

At the hearing herein, all the files, covering the litigation that has transpired in connection with this estate, were introduced in evidence. The files have been certified to us. These files were carefully reviewed on the former appeal (227 Iowa 1028, 290 N. W. 34). We do not undertake to repeat what is there set out. By reference to that opinion, it will be noted that certain debts against the estate have been established and should be refinanced to avoid further accumulations of interest, some at eight percent per annum. Ross, as administrator with

the will annexed, was considered by the trial court to be in a better position to act promptly and effectively in this regard. We are not disposed to interfere with such decision.

The dispute over the claim of indebtedness of Christensen to the estate has been injected into all of the litigation so far had, but as pointed out in our former opinion, it has yet to be asserted in a proper proceedings. Each time the court has reserved to appellants their rights to have the matter determined in proper proceedings. The same reservation was made in the order now appealed from. We have undertaken to indicate that proper proceedings can and should be had so that this troublesome dispute may be disposed of one way or the other.

By reason of the foregoing, the order appealed from is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.