IN RE ESTATE OF MANSON ALEXANDER THOMAS FARMER.

RICHARD MANSON FARMER et al., Appellants, v. GUSSIE M. FARMER, individually and as administratrix, Appellee.

No. 46960.

FEBRUARY 11, 1947.

Earl J. North, of Cedar Rapids, for appellants.

M. C. Farber, of Marshalltown, for appellee.

MANTZ, J.—The controversy herein arises over the action of the probate court of Marshall County, Iowa, in appointing as administratrix of the estate of Manson Alexander Thomas Farmer, his widow, Gussie M. Farmer, and in setting aside a prior order of the clerk of said court wherein said clerk had designated as administrator Earl J. North, upon application of Richard Manson Farmer, a son of the deceased. Later said son and a sister, a Mrs. O'Neill, filed a motion to reinstate the order set aside and to set aside the order appointing the widow as administratrix. Upon hearing this was denied and this appeal followed.

There are no disputed facts; all appear from the record. In order to obtain a correct understanding of the situation we will briefly summarize the facts as shown by the record.

Manson Alexander Thomas Farmer, a resident of Marshall County, Iowa, died intestate March 13, 1946, and was buried March 15, 1946. He left surviving as his sole heirs at law a son, Richard Manson Farmer, age forty-three, and a daughter, Marguerite Leona O'Neill, age fifty-five, both residents of California; and his spouse, Gussie M. Farmer, age seventy, stepmother to the above-named children, living in Marshall County, Iowa. There was no real estate. The personal estate, consisting of bank accounts, amounted to about $6,208 on deposit in a Cedar Rapids bank.

On April 16, 1946, the son filed in the district court of Marshall County, Iowa, a petition for the appointment of Earl J. North, of Cedar Rapids, Iowa, as administrator of the estate.

This was thirty-one days after the burial of the decedent. The daughter waived her right to make such application. On the same date the clerk made an order appointing Earl J. North administrator but did not fill in the amount of the bond. No letters were issued to or oath taken by Mr. North at that time.

On April 18, 1946, the surviving spouse, Gussie M. Farmer, made application for her appointment as administratrix of her deceased husband's estate, alleging that she resided in Marshall County, Iowa, the residence of decedent; that she was of full legal age; was a fit, proper, and suitable person to administer the estate; the extent of the property belonging to the estate; and that on April 16, 1946, there had been filed a petition for appointment of administrator of the estate of Manson Alexander Thomas Farmer, asking the appointment of Earl J. North, of Cedar Rapids, Iowa, as administrator of said estate; that on the same date, April 16, 1946, there was filed in said estate what purports to be an order appointing an administrator, signed by the clerk of the above-named court and purporting to appoint the said Earl J. North as administrator. Said surviving spouse prayed that she be appointed as such administratrix; also that the purported order of April 16, 1946, be set aside and vacated and the application of Richard Manson Farmer be denied and such order made as might be proper in the premises. On the same date the court, the Honorable B. O. Tankersley, presiding judge, appointed the widow as such administratrix, fixing the amount of her bond and also setting aside the order of the clerk made on April 16, 1946.

The court in appointing the widow as administratrix found that she was the surviving spouse of decedent and that under the statute she had a right to receive the appointment; that she was familiar with the affairs of deceased and was in a position to properly administer the affairs of the estate; that she was a suitable person; was a resident of the county wherein the estate was pending and was in the best position to administer the estate efficiently and expeditiously and that it was for the best interests of the estate that she be appointed administratrix of such estate, and made an order to such effect. Following this order, and on the same day, Gussie M. Farmer, as administratrix of said estate, qualified as provided by law and has since

said time been acting in that capacity. The court further held that on April 18, 1946, an examination of the records showed that the order of the clerk on April 16, 1946, left blank the amount of the bond to be furnished by North; that no letters had been issued and that "there was nothing further than the application of Richard Manson Farmer and the incomplete order of the Clerk."

The record further shows that following the appointment of Gussie M. Farmer, and on April 20th, there was inserted in the order of April 16th the amount of $7,760, in words and figures, and that thereafter North gave a surety bond for such amount, which was approved; that he took the required oath and gave notice of the appointment. (The finding of fact by the trial court recited that Richard Manson Farmer gave the bond of $7,760. We think this statement error and that North gave such bond.)

On April 26, 1946, an application on behalf of the son and daughter was filed, wherein there was a recital of the record, asking the reinstatement of the order of the clerk of April 16, 1946, and the cancellation of the order of court appointing Gussie M. Farmer as administratrix. Said application was set down for hearing; hearing was had, wherein both parties participated; following which, and on May 25, 1946, the court overruled said application and confirmed the prior appointment of the widow as administratrix.

Appellant has set forth and argued two propositions to sustain his contention that the action of the trial court was erroneous. As both parties have argued in the same order we will consider them as set forth by the appellants.

I. Appellants' first proposition is that, as the deceased died on March 13, 1946, and was buried on March 15th, and the widow did not apply for administration within the first twenty days following the burial, she lost her right as widow to file for the appointment thereafter. In short, appellants argue that by failing to exercise her exclusive right during the first twenty days following the burial her right as such spouse (widow) terminated. This contention cannot be sustained. We ruled otherwise in In re Estate of Zimmerman, 232 Iowa 1306, 6 N. W. 2d 301.

In In re Estate of Rugh, 211 Iowa 722, 725, 234 N. W. 278, 279, that matter arose in a contest between the paternal grandmother of two deceased grandchildren and two half sisters, the latter being nonresident aliens. The grandmother made the application two days following the death of the two grandchildren; the half sisters made application within the twenty-day period. The court granted the appointment to the two half sisters. In speaking of the rights of the grandmother, this court said:

"She is neither the surviving spouse, next of kin, nor a creditor of decedents'; but she is properly designated as 'any other person showing good grounds.' "

However, the principal question in that case was the right of nonresident aliens, next of kin, to apply for the appointment. There seemed to be no controversy as to the fact that half sisters were next of kin and that they made the application within the statutory period, Code, 1946, section 633.40.

Counsel relies upon a statement in the opinion found in In re Estate of Beghtel, 236 Iowa 953, 956, 20 N. W. 2d 421, 423, 161 A. L. R. 1384:

"No one questions the fact that Betty Lou Ansberry was the next of kin of deceased, or that the application by her grandmother as her next friend was within the period allowed the next of kin to petition for the appointment of an administrator. *During that period, as next of kin her right was exclusive.*" (Italics supplied.)

The above italicized statement refers to a point not involved in the case, was inadvertently made, and is not to be taken as authority.

If the rule as contended for by the appellants be declared to be the law, then, following the expiration of the four twenty-day periods after burial without any of the four classes applying for administration, no estate could be opened under the statute. We are unable to arrive at any such conclusion following a study of the statute. Such a construction could lead to absurdity and we are unwilling to conclude that our lawmakers contemplated anything of that nature. We think the state-

ment of the court in the Zimmerman case, supra, correctly states the procedure which the statute contemplates under such conditions. The effect of the holding in that case was that the twenty days allotted to each class are periods of preference and that one of a preferred class neglecting to apply may later make application with equal rights to members of subsequent classes. See, also, In re Estate of Christensen, 229 Iowa 1162, 296 N. W. 198.

■ II. The other proposition set forth by appellants is that the trial court erred in vacating the clerk's order of April 16, 1946, and in denying the application of the next of kin for administration, and in granting the application of the widow for her own appointment, without a motion to review the clerk's order and without notice to the next of kin.

Summed up, it is appellants' claim that the action of Judge Tankersley on April 18, 1946, when he set aside and vacated the clerk's entry of April 16, 1946, wherein the clerk appointed as administrator of the Farmer estate Earl J. North, was, in effect, a removal of North as such administrator and required notice and hearing thereon. There can be no question that had North qualified as such administrator, an application for his removal would have required notice of the hearing thereon. We do not see wherein such order can properly be called a removal of North in that he had not qualified or received letters attesting his appointment. In re Estate of Telsrow, 235 Iowa 763, 16 N. W. 2d 626.

The undisputed record shows that on April 26, 1946, appellants filed a motion to set aside the order of April 18, 1946, and alleged therein the prior appointment, its being set aside without notice or hearing, the right of the next of kin to ask for the appointment of Earl J. North, and alleged that the order of the court of April 18, 1946, was without the jurisdiction of the court and illegal, unlawful, arbitrary, and in excess of the jurisdiction of the court. Later, the surviving spouse, Gussie M. Farmer, filed objection to the motion filed by appellants on April 26, 1946, alleged her relationship to the deceased, her suitability, her familiarity with the property of the deceased, her residence, and the circumstances under which she

had been appointed administratrix on April 18, 1946, and of her having qualified to that position.

Following a hearing on said motion and the objections thereto, the court, on May 28, 1946, ruled on the matter in issue and as a part thereof made a finding of facts, and therein the court denied the motion of appellants and confirmed the appointment of the widow as administratrix and refused to reinstate the clerk's order of April 16th. In such finding the conflicting claims of the parties were reviewed and the court set forth the reasons for the order made and the confirmation thereof. It must be presumed that upon this hearing the court reconsidered the entire matter and made such order as it would have made on April 18th if notice had been given and hearing had before its earlier order was made. Thus we have an order dealing with the matter in controversy following notice and hearing. In that hearing appellants had notice. In re Guardianship of Hruska, 230 Iowa 668, 298 N. W. 664, 138 A. L. R. 1359. We think the trial court should have required notice to appellants and given them an opportunity to be heard before the order of April 18th was made. But, under the circumstances here, with the clerk's order incomplete, and in view of the hearing subsequently held, this lack of notice and hearing prior to the April 18th order is not of vital importance.

In connection with the foregoing, we desire to call attention to the holdings of this court that where there are conflicting claimants for appointment of administrators of estates the trial court has discretion as to who shall receive the appointment. In re Estate of Christensen, supra, 229 Iowa 1162, 1166, 296 N. W. 198, 200; In re Estate of Tracy, 214 Iowa 881, 243 N. W. 309, and cases therein cited. In the Christensen case appellants claimed an absolute right to the appointment under section 11883, Code of 1939 (section 633.39, Code of 1946). This court, speaking of such claim, said: "Their proposition is based upon the assertion that the priorities granted under section 11883 may be insisted upon as a matter of right and that the court has no discretion in the matter. We have repeatedly

held otherwise and have recognized discretion in the making of such appointments.'' Citing In re Estate of Tracy, supra.

We hold that the trial court was right in the ruling appealed from and the case is affirmed.—Affirmed.

All JUSTICES concur.